FREDERICK E. WILCOX Respondent, *v.* JAMES CAMPBELL, Appellant.

Where a purchaser of a portion of mortgaged premises assumes and agrees to pay, as part of the purchase-price the whole mortgage, he becomes the principal debtor, the mortgagor remaining simply a surety; the portion conveyed is primarily liable for the mortgage debt, and the remainder is liable as security merely.

The purchaser, therefore, is bound to protect the mortgagor and his land from any liability on account of the mortgage debt.

This obligation on the part of the purchaser is not affected by its conveyance; and, if the said purchaser fails to protect the residue from sale under the mortgage, he becomes liable to the grantee thereof for the damages thus caused to him.

The grantee of the remainder is not bound to take any steps in an action to foreclose the mortgage; it is the duty of the principal to appear therein and protect the interests of his surety; and, if he fails so to do and the latter is, in consequence, deprived of his land, the value thereof is the fair measure of his damages.

The rule which requires a party exposed to injury or damage to make the loss as small as he reasonably can, does not require the grantee of the remainder to advance the money to pay the mortgage for the purpose of protecting himself and his land.

(Argued June 16, 1887; decided July 1, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1885, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.   (Reported below, 35 Hun, 254.)

The nature of the action and the material facts are stated in the opinion.

*J. A. Stull* for appellant. Plaintiff having only a quit claim deed of the property without warranty cannot recover on defendant's promise to his grantee. (*Garnsey* v. *Rogers*, 47 N. Y. 236; *Vrooman* v. *Turner*, 69 id. 283; *Miller* v. *Winchell*, 70 id. 437, 439; *Colyar* v. *Mulgrave*, 2 Keen, 81; 5 L. J. [N. S.], 535.) The contract or covenant of the defendant in question was with his grantee, Mrs. Wilcox. It enured to the benefit of her creditors, the mortgagees as well, the legal effect of the transaction as between the defendant and his grantor being to henceforth make the defendant the principal obligor, as to indebtedness assumed, and Mrs. Wilcox his surety. (*Halsey* v. *Reed*, 9 Paige, 446; *Marsh* v. *Pike*, 10 id. 395; *Johnson* v *Zink*, 51 N. Y. 336.) That relation would not result in behalf of the mortgagee creditors except for the fact that the creditors had the personal bond or obligation of the mortgagor and grantor, Mrs. Wilcox, as well as her mortgage on the premises conveyed. (*King* v. *Whitely*, 10 Paige, 465; *Vrooman* v. *Turner*, 69 N. Y. 283; *Bennett* v. *Bates*, 94 id. 370; *Carter* v. *Holahan*, 92 id. 504; *Trotter* v. *Hughes*, 12 id. 74; *Garnsey* v. *Rogers*, 47 id. 233; *Pardee* v. *Treat*, 82 id. 385; *Burr* v. *Beers*, 24 id. 178; *Cromwell* v. *Currier*, 27 N. J. 152; *Master* v. *Hansard*, 4 L. R. [Ch. Div.], 718; 36 L. T. [N. S.], 535; 46 L. J. [Ch.], 505.) The mortgagees might sue defendant in an action at law, and recover judgment for the entire amount of their debts respectively. (*Burr* v. *Beers*, 24 N. Y. 179.) They might, under the power of sale, foreclose the mortgages and sell his parcel of the mortgaged premises separately, and then enter judgment against defendant for the deficiency. (*Halsey* v. *Reed*, 9 Paige, 446; *Marsh* v. *Pike*, 10 id. 595.) The obligation of defendant cannot be extended beyond his agreement. (*Strohauer* v. *Voltz*, 42 Mich. R. 448.) Whatever rights plaintiff or his assignor or his assignor's grantor had were founded in equity, and should have been pursued in a court of equity and according to equitable methods, by which course the rights of all parties could have been properly protected.

(*Arnold* v. *Angell*, 62 N. Y. 508; *Bradley* v. *Aldrich*, 40 id. 504; *Mann* v. *Fairchild*, 2 Keyes, 106; *Hamilton* v. *McPherson*, 28 N. Y. 76, 77.)

*Mr. Quincy* for respondent. Defendant's covenant to pay off the mortgages was one which ran with the land. (*Torrey* v. *Bk. of Orleans*, 9 Paige, 649; 7 Hill, 260; *Russell* v. *Pistor*, 7 N. Y. 171; Brandt on Suretyship, §§ 21, 181; Thomas on Mort. 94; *Bk. of Albion* v. *Burns*, 46 N. Y. 170; *Lord* v. *Staples*, 23 N. H. 448; *Bonney* v. *Seeley*, 2 Wend. 481.) In so far as Bingham, or his property, was compelled to satisfy the mortgage indebtedness which Campbell should have paid, Bingham became entitled to be subrogated to the rights of the mortgage creditors. (Thomas on Mort. 94; *Eddy* v. *Traver*, 6 Paige, 521; *Cheesebrough* v. *Millard*, 1 Johns. Ch. 412; Brandt on Suretyship, §§ 21, 181; *Lord* v. *Staples*, 23 N. H. 448; *Bonney* v. *Seeley*, 2 Wend. 481; *Barnes* v. *Mott*, 64 N. Y. 397; *Russell* v. *Pistor*, id. 174; *Wells* v. *Porter*, 7 Wend. 119.) No assignment from the mortgage creditors was necessary in order to effect such subrogation and give Bingham a right of action. Brandt. on Suretyship, §§ 270–276; *Eddy* v. *Traver*, 6 Paige, 521; *Richter* v. *Cummings*, 60 Penn. St. 441; *Fanning* v. *Beaver*, 2 Rawle, 128; *Dempsey* v. *Bush*, 18 O. St. 376; *Edgerly* v. *Emerson*, 23 N. H. 555.)

EARL, J. Prior to the 9th day of November, 1874, Barton J. Conklin owned a parcel of land in the city of Rochester, being 187 feet front on North St. Paul street and 420 feet deep; and he had executed a mortgage thereon to a savings bank to secure the payment of $3,000 and interest. On that day he conveyed the land to Jane E. Wilcox, subject to the mortgage to the savings bank, which she assumed and agreed to pay, and at the same time she executed to Conklin a mortgage for $2,000 upon the land to secure a part of the purchase-price. On the 12th day of February, 1877, Mrs. Wilcox executed to the defendant a deed of the northerly 107 feet of

the land, she retaining the remaining eighty feet thereof. The deed was subject to the two mortgages which the defendant assumed and agreed to pay as part of the purchase-price. On the 26th day of August, 1878, Mrs. Wilcox by a quit-claim deed, making no mention of the mortgages and expressing a consideration of $1, conveyed the eighty feet of the land so retained by her to Lucius C. Bingham. Some time in 1878, the savings bank commenced a foreclosure of its mortgage for $3,000 upon the entire parcel of land, and on February 12, 1879, the foreclosure proceedings resulted in the sale of the whole parcel of land, including the eighty feet deeded to Bingham and the 107 feet deeded to the defendant, and the proceeds of the sale were all used to satisfy the mortgages. Thereafter Bingham, by a written instrument, for a valuable consideration, assigned to the plaintiff all his claim for damages and all his causes of action against the defendant by reason of his failure to pay the mortgages. This action was subsequently commenced by the plaintiff to recover damages against the defendant because his assignor's land was sold in consequence of the failure of the defendant to keep his covenant to pay the mortgages ; and upon the trial judgment was given for the plaintiff which has been affirmed by the General Term.

After the conveyance by Mrs. Wilcox to the defendant, he became the principal debtor to the mortgagees and she remained simply surety for him, and every one having notice of the relation between them was bound to respect it. The parcel of land conveyed to the defendant was primarily liable for the payment of the two mortgages, and the parcel of eighty feet was secondarily liable and simply remained security for the payment of the defendant's obligations. ( *Wadsworth* v. *Lyon*, 93 N. Y. 201.) He, as principal debtor, was bound to protect both her and her land from any liability on account of his debts. After her conveyance of the parcel of land to Bingham, it was still simply security for the defendant's debts, and Bingham obtained the entire title thereto simply encumbered by a mortgage to secure obligations which the defend-

ant was primarily liable to pay. The duty rested upon him, as principal debtor, to protect that land from sale, and when it was sold in consequence of his default, and its value applied in discharge of his obligations, he became liable to Bingham for the damages thus caused to him. That cause of action, by assignment, became vested in the plaintiff, and it does not depend upon any principle of subrogation. It was a direct liability to Bingham growing out of the defendant's default, and of a breach of duty which he owed. Bingham was brought into relations with the defendant by the conveyance to him and the ownership by him of the land bound as surety for the defendant.

Bingham, if aware of the foreclosure action, could have appeared therein and procured a sale of that portion of the land which was conveyed to the defendant first in discharge of the mortgages; and if that portion did not sell for enough, then he could have paid the balance due upon the mortgages to save his land; and the sum thus paid would have been the measure of his damages. Instead of paying such balance, he could have permitted his land to be sold, and certainly to the extent of its proceeds applied in discharge of the foreclosure judgment, he would have had a claim against the defendant.

But, under the circumstances of this case, both mortgages being liens upon the land, Bingham was not under any obligation to the defendant to take any steps in the foreclosure action; and if, by the default of the defendant, he was deprived of his land, the value of the land is the fair measure of his claim against the defendant. He must have been a party to the foreclosure action, and it was his duty to appear therein to protect his own interests as well as those of his surety.

. The rule which requires a party exposed to injury or damage to make his loss as small as he reasonably can, did not impose upon Bingham the obligation to raise $5,000 for the payment of the two mortgages for the purpose of protecting himself and his land from the consequences of the defendant's default.

It does not appear whether these two parcels of land were

sold in a body as described in the two mortgages, or whether they were sold separately, and that portion conveyed to the defendant sold first. Nor does it appear how much the parcel of land conveyed to Bingham brought upon the sale. No question was made upon the trial about the rule of damages, and, therefore, if an improper rule was adopted by the court, which is denied, it is not a subject of review here.

Upon the whole case we see no reason to doubt that the judgment is free from error and that it should be affirmed, with costs.

All concur.

Judgment affirmed.