[No. 1358.]
## COOLEY v. MURRAY.

1. PLEADING—NONJOINDER OF PARTIES.
A complaint must show on its face a defect of parties in order to be reached by demurrer on that ground.
2. MORTGAGES—ASSUMPTION OF INCUMBRANCE.
Where the owner of several lots mortgaged them and afterwards sold one of the lots, the purchaser assuming and agreeing to pay the mortgage debt as part of the consideration and purchase price, and afterwards the mortgagor deeded the other lots to his wife, and upon foreclosure the first lot failed to sell for enough to satisfy the mortgage debt, and the wife to protect her lots was compelled to pay the balance of the mortgage debt, she had a right of action against the purchaser of the first lot and was entitled to a judgment for the amount paid by her with interest.
3. DEED OF HUSBAND TO WIFE—CONSIDERATION.
Where a husband deeds property to his wife prior to his death, as between her and other heirs, it is immaterial that there was no consideration.   And in an action by the wife against one who assumed an incumbrance on the property, placed there by the husband, the heirs of the husband are not necessary or proper parties.

*Appeal from the District Court of Pitkin County.*

Mr. WILLIAM O'BRIEN, for appellant.

Mr. T. M. S. RHETT, for appellee.

BISSELL, J., delivered the opinion of the court.
          VOL. XI—16

There is a very wide difference between the case made by the record and the basis on which it was apparently argued in the lower court, and, if we may so express it, between the record issue and the one which on the admissions of counsel at the trial is made the basis of the argument. We are not of the opinion that the admissions would alter the result, although we consider ourselves bound to decide the case as presented by the pleadings and proof.

R. R. Bowles and Lucy B. his wife were the owners of lot O, in Block 88, and lots F, G, H, and I, in block 49, in the town of Aspen. In 1889 they mortgaged them. In the further statement we shall follow the complaint very closely for the case was heard on an admission of the truth of its allegations coupled with a little independent testimony which will be used, but not distinguished, from the matters pleaded. The debt secured by the mortgage was partially paid and reduced to $5,000. Lot O was first deeded to W. W. Cooley. Subsequently he bought the other lots and took title to all of them subject to the outstanding incumbrance. Afterwards he deeded lot O to the appellee, Wm. J. Murray, subject to the $5,000 incumbrance, which Murray assumed and agreed to pay. As to the incumbrance Mr. Cooley was thereafter only bound as surety for the due performance of this contract. Mr. Cooley subsequently deeded the other lots for a valuable consideration to Louise Ellen Cooley his wife. The debt was not paid and the property was advertised for sale under the trust deed. When the date of sale arrived, lot O was first offered and sold for the sum of $2,000, which was not enough to pay the amount then due. The other lots were then offered and the proper steps taken to subject the property to the payment of the debt. To protect her title and relieve it from the incumbrance, Mrs. Cooley bid at the sale the balance due under the trust deed, to wit: $2,259.73, at which price the property was struck off to her, and she thereupon paid the trustee that sum, and he executed and delivered to her his deed for the property. Mrs. Cooley then brought this suit against Murray to compel him to reimburse

her.  To this pleading there was a demurrer setting up several causes; that the complaint did not state facts sufficient to constitute a cause of action in favor of Mrs. Cooley against the defendant, and that she was without the legal capacity to sue because the debt was due to the trustee and not to the plaintiff; and on the further ground, that there was a defect of parties because the heirs of W. W. Cooley were not made parties, and the suit could only be maintained by them as the real parties in interest.  This demurrer was properly overruled.  A defect of parties is only available on demurrer when it appears on the face of the complaint, and when therefrom it is evident that others are interested in the result, and that they are necessary to the complete determination of the controversy.  The complaint did not show that Mr. Cooley was dead, nor if dead, that he left any heirs.

The defendant then answered by general denial.  When the case came to trial on this issue, the hearing was had on a stipulation which admitted the truth of the allegations of the complaint, and that the plaintiff should only be required to introduce the deed from W. W. Cooley to herself, and the deed from W. W. Cooley to W. J. Murray.  It was also stipulated on the part of the plaintiff that the questions presented by the demurrer might be raised on hearing.  Just what it was expected to accomplish by the latter part of the stipulation is not very evident.  It might be true that had the stipulation gone farther and stipulated the death of Mr. Cooley, leaving heirs, and that they were still in being, having the rights of inheritance, the question of the defect of parties might then have been argued, but there is no such thing in the stipulation and there is nothing in the record to show either that Mr. Cooley was dead, or if dead, that he left any heirs other than his wife.  Of course, if he were dead, and died leaving only his widow as heir, she was the only person who as heir could sue.  If he left other heirs proof of their life or death would be important if any question was to be made as to the necessity of their joinder in the action.  As we view the case, however, these matters are not at all important, nor

would they have had any significance had there been proof both of Cooley's death, and of the survivorship of the wife and children. If Mr. Cooley was dead, and we assume from what counsel have conceded in their briefs that such is the fact, he did not die seized of the property, and there was nothing for the heirs to inherit either by way of interest in the property or right of action on the agreement. Mr. Cooley in his lifetime deeded this property to the plaintiff. She was the grantee under a warranty deed, which would obligate Mr. Cooley and therefore his other heirs to protect the title from this incumbrance. We do not understand that the question which is suggested by counsel respecting the consideration is of importance. The deed recites a consideration of $1.00. This is enough as between Mr. Cooley and his wife, and as against the heirs who might have survived him, he dying after the execution and delivery of the deed. The only persons who can raise a question concerning the sufficiency of the consideration where the deed is made in the lifetime of a party, are those who have some interest in the transaction. There is nothing in the record to show that Mr. Cooley had any creditors, or that he died leaving any, or that there are any persons who have a right to attack the conveyance and question the character of the consideration. Mr. Murray is bound by the terms of his contract to pay what was due on the original incumbrance. It was a part of the purchase price. That this obligation extends to and is enforceable by a subsequent grantee of the property seems to be well established. Warvell on Vendors, chap. 26, § 9; 2 Pingrey on Mortgages, § 2037; 1 Pingrey on Mortgages, § 1113; *Wilcox v. Campbell*, 106 N. Y. 325; *Rardin v. Walpole*, 38 Ind. 146; *Ayers v. Dixon*, 78 N. Y. 318; *Merriman v. Moore*, 90 Pa. St. 78.

According to the doctrine of these cases, and it seems to be well settled, and we are cited to none to the contrary, Murray held lot O subject to the mortgage which he had undertaken to pay. His agreement was not only for the benefit of the grantor Cooley, but for the benefit and protection of all who might derive title through him. This agreement

therefore protected the title while it was held by Mr. Cooley and any grantee is equally entitled to the benefit of it. If the grantee is compelled to liquidate any part of the incumbrance he may compel Murray to reimburse him. Such being the law, Mrs. Cooley had the right to protect her title and having been compelled to pay $2,259, she may call on Mr. Murray to repay it. She stated a cause of action in her complaint and on the proof was entitled to recover. If Mr. Cooley died leaving heirs the heirs were without interest because Mr. Cooley had already conveyed. An heir may not attack such a conveyance without some showing that he had an inheritable interest at the time of the death of the ancestor. This question was not raised by any pleading and there is no presumption of interest.

Since the plaintiff was entitled to recover and the amount is specifically exhibited by the pleadings and proof, we see no reason to send this case back for a further hearing and we shall therefore reverse the case and direct judgment to be entered for the plaintiff for $2,259.73, with interest from July 2, 1894.

*Reversed, and judgment ordered.*