## Staunton.

### LITCHFIELD V. PRESTON.

#### SEPTEMBER 13, 1900.

#### Absent, Riely, J.

1. LIENS—*Successive Alienations—Order of Liability—Agreement to Pay Vendor's Lien—Rights of Subsequent Purchasers of Residue.*—Generally, where a. portion of a tract of land subject to a vendor's lien has been sold, the land, as between alienees, should be subjected in the inverse order of alienation; but where the purchaser of the first portion agrees with his vendor that so much of the unpaid purchase price as may be necessary shall be applied to the discharge of the vendor's lien, then such portion becomes primarily liable; and, if the agreement appears on the face of the deed to such first vendee, and the deed is recorded, it enures to the benefit of a subsequent purchaser of the residue of the tract, and may be taken advantage of by him, although primarily intended for the protection of the first vendee.

2. CORPORATIONS—*Banks—Exceeding Corporate Powers—How Restrained.* If a bank buys land in violation of section 1163 of the Code, a third party can derive no advantage from it. The law imposes no forfeiture for its violation, and the only effect of its transgression in that respect is to subject the bank to proceedings in behalf of the State to vacate its charter.

Appeal from a decree of the Circuit Court of Washington county, pronounced January 25, 1899, in two suits in chancery, in each of which the appellee was the complainant, and in one of which the appellant and others were defendants.

*Affirmed.*

The opinion states the case.

*Daniel Trigg*, for the appellant.

*J. J. Stuart, White & Penn,* and *F. B. Hutton,* for the appellee.

HARRISON, J., delivered the opinion of the court.

R. C. Hamilton being the owner of a tract of land in Washington county, subject to a vendor's lien in favor of his grantor, Mrs. Catherine A. Preston, sold and conveyed by deed of May 22, 1891, an undivided three-fourths part thereof to the appellant, A. T. Litchfield, and others; Litchfield subsequently acquiring from his co-purchasers the whole of said three-fourths.

By deed dated January 2, 1893, R. C. Hamilton sold and conveyed his remaining one-fourth interest in the land to the Exchange and Deposit Bank of Abingdon, and on the 27th day of September, 1894, the bank re-conveyed said one-fourth interest to R. C. Hamilton, in consideration of $3,250, reserving a vendor's lien to secure that sum.

After these transactions, this suit was brought by Catherine A. Preston to have satisfied her vendor's lien upon the whole tract, amounting, as of March 1, 1897, to $9,378.67. The entire tract was sold under decree of court, the appellant becoming the purchaser at $14,116.25. This sale was confirmed, and a commissioner directed to apply, after paying the costs, three-fourths of the proceeds, so far as necessary, to the payment of the vendor's lien due to Catherine A. Preston, and to pay the residue of said three-fourths to the appellant. The commissioner was further directed to apply the proceeds of the remaining one-fourth, after paying costs, to the satisfaction of certain liens against R. C. Hamilton, having priority over the vendor's lien in favor of the Exchange and Deposit Bank, and to pay the residue thereof to the bank.

The ground of objection urged by the appellant to this decree is that his three-fourths interest in the land is made primarily

liable for the payment of the vendor's lien in favor of Mrs. Preston, to the exclusion and release of the remaining one-fourth reserved by Hamilton, and subsequently conveyed to the bank. It is contended that the rule requiring land to be subjected in the inverse order of alienation should govern, and that the proceeds of the one-fourth interest held by Hamilton, being the last sold, should be first applied to the payment of the Preston lien, and the three-fourths interest bought by appellant held secondarily liable for that lien.

At the time that Hamilton conveyed the one-fourth interest to the Exchange and Deposit Bank, his deed to appellant and others, dated May 22, 1891, was duly recorded, and contained the following provision with respect to the unpaid purchase money due to Hamilton's grantor: "It is hereby agreed and understood that a sum of said deferred payments equal to the amount of the balance due by R. C. Hamilton to Catherine A. Preston for said tract of land is not to be paid until said balance of purchase money to said Catherine A. Preston is paid, and that the same is to be paid out of said deferred payments."

The general rule is, as stated by appellant, that when part of a tract of land, subject to a lien, is conveyed, the residue is primarily liable for the whole debt. An exception to the rule, however, as well established as the rule itself, is, that where the purchaser of such part assumes the payment of the outstanding lien, then the part first sold becomes primarily liable for the whole debt. 3 Pom. Eq. sections 1206, 1225.

In the latter section the author says: "Whenever a grantee of any parcel either expressly assumes the payment of the mortgage, or his deed, is in such form that he takes the parcel conveyed to himself subject to the mortgage as a part of the consideration, then, as has been already shown, the parcel thus purchased becomes in the hands of himself and of those holding under him, primarily chargeable with the mortgage as against the mortgagor or grantor, and consequently as against all subse-

quent grantees of other parcels from the mortgagor.   By such an express or implied assumption, the doctrine of liability in the reverse order of alienation and all of its consequences are defeated with respect to the mortgagor and the subsequent grantees."

No particular form of words is necessary to create a binding assumption.   It is, however, unnecessary to decide whether or not there was an assumption of the Preston lien by appellant, which bound him personally; for, if we assume that the agreement in the deed of May 22, 1891, was not such an assumpsit of the Preston lien as would make the grantees in that deed personally liable, over and above the funds in their hands going to R. C. Hamilton, the fact remains that the agreement did set apart, in the hands of appellant, a sufficient amount of the purchase money to satisfy the Preston lien, and it was his duty to see that it was properly applied.             .                    •

Appellant insists that the agreement in the deed of May 22, 1891, was for his protection only; that it was a mere memorandum between Hamilton and his vendees, with which Mrs. Preston had no concern.   This contention is not tenable.   It is true, the provision in the deed to appellant, for the satisfaction of the Preston lien, was for his protection, but it also enured to the benefit of the subsequent purchaser of the one-fourth interest. *Willard* v. *Worsham*, 76 Va. 392; *Tatum* v. *Ballard*, 94 Va. 370.

The purchaser of the one-fourth interest had a right to rely upon the contract of record between Hamilton and appellant, which showed that the Preston lien was amply provided for. This contract doubtless enabled Hamilton to sell the remaining fourth at its full value.   If appellant had complied with his contract, no one could have suffered.   Mrs. Preston would have received her purchase money, he would have had his land, and the remaining one-fourth interest would have been relieved. It does not clearly appear that appellant has suffered any loss

growing out of these transactions, but, if it did so appear, he could not shift the consequences of his failure to perform a plain duty upon the innocent purchaser of the one-fourth interest, who is in no wise responsible for any loss appellant may have sustained.

Appellant further suggests that the Exchange and Deposit Bank did not buy the one-fourth interest for the purpose of satisfying a debt previously contracted in the course of its dealings, as provided by the Code, section 1163, and that, if the land was acquired by the trustees of the bank otherwise than as the law prescribes, they cannot hold it, and, if they have taken it to secure a debt, then it is subject to the liens against Hamilton, and among them the Preston lien.

This question does not appear to have been raised in the lower court, and there is nothing in the record throwing any light upon the subject. It may fairly be assumed that, in purchasing the one-fourth interest, the bank was acting within the scope of its powers. But if the bank bought the land outright, and in violation of section 1163, appellant could derive no advantage from that circumstance. The law imposes no forfeiture for its violation, and the only effect of its transgression, in the respect mentioned, would be to subject the bank to proceedings in behalf of the State to vacate its charter. *The Banks* v. *Poitaux,* 3 Rand. 136.

The decree appealed from is without error, and must be affirmed.

*Affirmed.*