## REID *v.* WHISENANT *et al.*

1. Where the purchaser of a portion of a tract of land assumes and agrees to pay an encumbrance upon the entire tract, as a part of the consideration of his purchase, and his vendor afterwards sells the remainder of the tract to a third person who pays the full purchase-price of said remaining portion to the seller, the agreement of the first purchaser inures to the benefit of the second purchaser; and upon breach of such agreement the first purchaser becomes liable in equity to the second purchaser for such damages as are sustained by the latter in consequence of such breach.

2. Where the first purchaser failed to pay off such encumbrance upon the entire tract, which he assumed and agreed to pay as a part of the consideration of his purchase of the portion of such tract bought by him, in consequence of which the encumbrance was foreclosed, and the whole tract was sold, and the second purchaser lost the remainder of the tract bought by him, the latter would be entitled to recover from the first purchaser, as damages for the breach of his said agreement, the value of the remainder of the tract which was bought by him at the time it was sold under such foreclosure proceeding and became lost to him.

3. The principle, that where by a breach of a contract one is injured, he is bound to exercise ordinary care and diligence to lessen the damages so far as practicable, did not require the second purchaser to pay off the encumbrance upon the entire tract, and thus lessen such damages.

No. 4930.　JANUARY 13, 1926.　REHEARING DENIED FEBRUARY 20, 1926.

---

Contracts 13 C. J. pp. 701, n. 63; 708, n. 12; 709, n. 29.
Damages 17 C. J. p. 773, n. 40.
Mortgages 27 Cyc. pp. 1353, n. 47; 1354, n. 54; 1356, n. 59.

Equitable petition. Before Judge Bell. Fulton superior court. April 22, 1925.

M. W. Reid filed his petition against A. H. Whisenant, H. M. Dodd, and Mrs. Clifford Dodd, in which he made the following allegations: Whisenant has injured and damaged, and is indebted to him in the sum of $30,000, together with an amount equivalent to interest on said sum from August 16, 1922, at the rate of seven per cent. per annum, by reason of the facts which will now be stated. On November 1, 1920, J. R. Bedgood and his wife, Emma M. Bedgood, executed and delivered to Dodd their deed to a certain described tract of land in Liberty County, Florida, containing 10,555 acres. This deed was made subject to a loan deed or mortgage covering said premises, dated November 12, 1919, executed by the grantors therein to the Pennington-Evans Company, to secure the payment of $11,000, with interest at six per cent. per annum from November 12, 1919, which indebtedness Dodd assumed by the acceptance of said deed. On April 14, 1921, Dodd and his wife, Mrs. Clifford Dodd, executed and delivered to Whisenant their conveyance of a portion of the lands embraced in the deed from the Bedgoods to Dodd. This conveyance contained this provision: "This deed is made subject to a loan deed dated November 12, 1919, for eleven thousand ($11,000.00) dollars, bearing six (6%) per cent. interest from date of said instrument, to Pennington-Evans Company, and signed by J. R. Bedgood. Said party of the second part assumes said indebtedness." On July 1, 1921, Dodd and his wife executed and delivered to plaintiff their deed to the remaining portion of the lands embraced in the deed from Bedgood and wife to Dodd. This deed contains the following recitals: "There is a long loan amounting to eleven thousand ($11,-000.00) dollars, covering ten thousand, five hundred and fifty-five (10,555) acres of land in Liberty County, Florida, and the above-described lands amounting to four thousand (4,000) acres, more or less, is included in said loan, which has been assumed by A. H. Whisenant in a warranty deed made him for six thousand, five hundred and fifty-five (6,555) acres which is a portion of the above-described ten thousand five hundred and fifty-five (10,555) tract, dated April 14, 1921. The maturity of the above loan is one half due May 12, 1922, and the other half due November 12, 1924, bears six per centum per annum, and has been assumed principal and

interest by A. H. Whisenant as stated above, who has agreed to pay same at maturity." The $11,000 long loan referred to in the deed to plaintiff is the indebtedness which had been assumed by Whisenant in the deed from Dodd and wife to him. Plaintiff did not, in accepting said deed to him, or otherwise in connection with the transaction evidenced by said deed, or at any other time or in any other manner, assume the payment of or agree to pay said indebtedness or any part thereof. Said indebtedness was evidenced by said promissory notes dated November 12, 1919, signed by Bedgood and wife, the makers of said loan deed or mortgage, payable to the Pennington-Evans Company or order, for the principal sum of $5,500 each, bearing interest from their date at the rate of six per cent. per annum, providing for ten per cent. attorney's fees; the first of said notes being payable on or before May 12, 1922, and the second on or before May 12, 1924, the interest being payable annually.

Dodd failed to pay said indebtedness secured by the deed or mortgage from Bedgood and wife to Pennington-Evans Company, and has never paid said indebtedness or any portion thereof, except the first annual interest payment due November 19, 1920. Whisenant has never paid said indebtedness or any portion thereof. The deed or mortgage securing said indebtedness provided that upon failure to pay the interest on said notes or either of them as the same became due, or failure to pay the face of said notes promptly as the same became due, or failure to pay the taxes upon said land, then both of said notes should become immediately due and collectible, and the said mortgage or deed subject to foreclosure at the option of the grantee therein. Pennington-Evans Company for value, and in due course before maturity, indorsed and delivered said notes and the indebtedness represented thereby to C. L. Pennington. The interest due on said notes on November 12, 1921, not having been paid, Pennington, the holder of said notes and deed or mortgage, availed himself of the provision in said deed or mortgage making said notes due immediately upon failure to pay said interest; and on January 31, 1922, he filed in the circuit court of Liberty County, Florida, his bill to foreclose said deed or mortgage on all of the said land. The final decree of foreclosure was rendered on June 9, 1922, to satisfy the indebtedness evidenced by said notes in the principal sum of $11,000,

$518.82 interest, $1,000 attorney's fees, and costs of court, and ordering the sale of said property.   On August 7, 1922, said property was sold at public outcry, by the special master appointed by said final decree, at and for the sum of $8,400, which sale was by the court confirmed on August 16, 1922.

The assumption by Whisenant of the entire indebtedness secured by the above-mentioned loan deed or mortgage, in his acceptance of the deed to him to a portion of the lands covered thereby, was for, and inured to the benefit of, the remaining estate covered by said mortgage or loan deed, and the owner of said remaining estate, to wit, the defendant Dodd, and the plaintiff as the purchaser thereof as aforesaid; and by the failure of Whisenant to pay said indebtedness, which he had assumed, and by the consequent foreclosure and sale of the real estate covered by said loan deed or mortgage, plaintiff lost and has been deprived of the real estate conveyed to him as aforesaid, and Whisenant is in equity liable to him for the market value of the same, which at the time of said sale, and at the time he was deprived thereof was $30,000.   He prayed for a judgment against Whisenant for said sum, together with an amount equivalent to interest on said sum from August 16, 1922, at seven per cent. per annum.   He further prayed for process and for general relief.

Whisenant demurred to the petition, upon the grounds: (1) that it sets forth no cause of action against him, either legal or equitable; (2) that it sets forth no obligation or agreement on his part with the plaintiff; (3) that said suit for damages is based upon an alleged breach of contract, and totally fails to set forth a contract or obligation on his part to the plaintiff which would give rise to the action brought; (4) that the petition shows on its face that the plaintiff could have protected himself against the foreclosure complained of, and was negligent in failing so to do, and the defendant was under no obligation to protect plaintiff in this respect, due to total lack of mutual contract between him and this defendant.   The defendant demurred upon various special grounds which it is unnecessary to set out.   The court sustained the general demurrer, and the plaintiff excepted.

*George P. Whitman,* for plaintiff.

*Augustine Sams, Thomas J. Lewis,* and *T. L. Slappey,* for defendants.

HINES, J. (After stating the foregoing facts.)

1. As a general rule, an action on a contract must be brought in the name of the party in whom the legal interest in such contract is vested. Civil Code, § 5516. To this general rule there are exceptions. Where the purchaser of the assets of a firm agreed to pay their debts, this court held that a creditor of the firm could by bill, to which the partners and purchaser were parties, enforce this agreement for his benefit. *Bell* v. *McGrady*, 32 *Ga.* 257. So where a married woman, having separate property, and being indebted to another by note, conveyed her separate estate absolutely to others in consideration of their agreement to pay her an annuity for life and all debts against her separate property, this court ruled that this agreement could in equity be enforced by her creditors; and where she was dead and had no representative and no estate, the bill by her creditors to enforce the agreement was not defective because she or her representative was not a party to the proceeding. *Dallas* v. *Heard*, 32 *Ga.* 604. So where a vendee in a bond for title for a valuable consideration transferred the bond, together with his interest in the land, to a third person who assumed and agreed to pay the balance of the purchase-money, the vendor, not being a party to the contract, can not in an action at law enforce the contract of such third person; but the vendor may maintain an equitable action against the vendee and his transferee to recover a judgment for the balance of the purchase-money, with a special lien upon the land. *Morgan* v. *Argard*, 148 *Ga.* 123 (95 S. E. 986); *Dunson* v. *Lewis*, 156 *Ga.* 692, 702 (119 S. E. 846).

It is now well settled in this State that a purchaser of lands, who assumes the payment of an encumbrance thereon as a part of the consideration of his purchase, is liable in equity to the holder of such encumbrance under such agreement, or to his vendor in case the latter has to pay off the encumbrance. The assignee of a mortgage or security deed, when the debt thereby secured has been assigned by the purchaser, can enforce the present liability of the purchaser just as the mortgagee might have done had there been no assignment. Clark *v.* Fisk, 9 Utah, 94 (33 Pac. 248); 2 Jones on Mortgages (7th ed.), § 741. Where a grantee in the deed to him assumes payment of a mortgage or other encumbrance on land, the successor in title of the grantor under the latter's warranty deed succeeds to the benefit of such agreement. Jager *v.* Vollinger, 174 Mass. 521 (55 N. E. 458). Such assump-

tion of the payment of the encumbrance is not alone for the protection of his vendor, but it also inures to the benefit of any subsequent purchaser. Litchfield *v.* Preston, 98 Va. 530 (37 S. E. 6). In Wilcox *v.* Campbell, 106 N. Y. 325 (12 N. E. 823); it was held that "Where A, who is the owner of a tract of land which is subject to mortgage, sells a part to B, who assumes and agrees to pay as part of the purchase-price the amount of the mortgage, and thereafter A sells the remainder of the tract to C, C or his assignee may, on the foreclosure of the mortgage through the failure of B to pay the same, and the sale of his lands therefor, maintain an action against B to recover damages." In Cooley *v.* Murray, 11 Colo. App. 241 (52 Pac. 1108), the Court of Appeals of Colorado held "The agreement of the grantee of one of two lots owned by the grantor, subject to a mortgage, to assume and pay it as a part of the purchase-price, inures to the benefit of the subsequent grantee of the other lot, in case the mortgage is not paid and the second lot is sold to satisfy it." In Haas *v.* Dudley, 30 Or. 355 (48 Pac. 168), the Supreme Court of Oregon held that on the foreclosure of a mortgage which the vendees of a part of the mortgaged premises had agreed to pay, the vendor could recover from such vendees to the value of the part retained by him, which was sold with the rest to satisfy the mortgage debt. In Bollinger *v.* Baylor, (Tex. Civ. App.) 185 S. W. 1021, the Court of Civil Appeals of Texas held that the first grantee of land, who conveyed it to a second grantee, who in turn conveyed it to a third grantee, both assuming the vendor's lien note as a part of the purchase-price, had a cause of action against such grantee, whose failure to pay the note occasioned the loss to the third grantee of a part of the land covered by the vendor's lien note, and not sold by him.

There are two theories upon which a mortgagee can base his right to hold a purchaser, who has assumed the payment of his mortgage, personally liable for the mortgage debt. The first is the theory of equitable subrogation, by which a creditor is entitled to all the collateral securities which his debtor has obtained to reinforce the primary obligation. The second theory is that, if one person makes a promise to another for the benefit of a third person, that third person may maintain in equity an action on the promise. Wiltsie on Mortgage Foreclosure, § 226; Closner *v.*

Chapin, 168 S. W. 371. It is on the last-mentioned theory that a purchaser of a portion of a tract of land, subject to a mortgage or other encumbrance, which he assumes and agrees to pay, is liable to his vendor, or to an assignee of the latter, when he fails to discharge such mortgage or encumbrance, in default of which the remaining portion of the land is sold and becomes a loss to the vendor or to an assignee of the latter.

So in this case, when Dodd and wife sold and by their warranty deed conveyed to Whisenant 6,550 acres of the 10,555-acre tract involved in this litigation, and by the terms of said deed Whisenant agreed to assume and pay an outstanding encumbrance on the entire tract of $11,000 principal, with interest, and where Dodd and wife sold and by deed conveyed the remainder of the tract to Reid, reciting in their conveyance the agreement of Whisenant to pay this incumbrance, and where Whisenant defaulted in the payment of the encumbrance, in consequence of which it was foreclosed and the entire tract was sold under the decree of foreclosure, Whisenant became liable to Reid for the value of his portion of said land so lost in consequence of the default of Whisenant in paying off this encumbrance.

2. What is the measure of damages in this case? If Reid had paid off the encumbrance on this property, as he had the right to do, then the measure of his damages would have been the amount necessary to pay the principal and interest of the encumbrance, with any costs which had accrued by reason of the foreclosure. But Reid did not discharge the encumbrance. In consequence of the default of Whisenant to pay it off, the entire tract of land was sold under a decree foreclosing the encumbrance, and in consequence Reid lost his portion of these lands. Under these circumstances the measure of damages which he would be entitled to recover from Whisenant was the value of his tract at the time he lost the same by the foreclosure sale. Wilcox v. Campbell, Bollinger v. Baylor, Haas v. Dudley, supra. But it is insisted by counsel for Whisenant that Reid was bound to lessen these damages by paying off the encumbrance on this land, in which event Whisenant would only be liable for the amount necessarily expended for that purpose. It is undoubtedly true that where by a breach of contract one is injured, he is bound to lessen the damages so far as is practicable, by the use of ordinary care and diligence. Civil Code.

§ 4398. This rule is applicable only where the damages can be lessened by reasonable efforts and expense. Miller *v.* Mariners' Church, 7 Me. 51 (20 Am. D. 341). The rule requiring the plaintiff to protect himself from loss arising from breach of a contract is not applicable where there is an absolute promise to pay, and not one of indemnity merely. Wicker *v.* Hoppock, 6 Wallace, 94. Whisenant became the principal debtor, as between him and Dodd, when he assumed the payment of this encumbrance, and Dodd remained simply a surety. When Reid bought from the Dodds he became simply the surety of Whisenant for the payment of this money. The portion of the land bought by Whisenant was primarily liable for the payment of the encumbrance against the entire tract, and the portion retained by Dodd and purchased by Reid liable for the deficiency only. Under these circumstances it was not incumbent upon Reid, nor was the duty enjoined upon him, to raise money sufficient to discharge this encumbrance as between him and Whisenant, nor was he under any obligation to take any steps in the foreclosure proceedings. It was by the default of Whisenant that he was deprived of his property, and the value thereof is the rightful measure of his demand against them. Wilcox *v.* Campbell, supra; Haas *v.* Dudley, supra. When Whisenant by his default permitted this encumbrance to be foreclosed and the entire tract sold under the decree of foreclosure, whereby Reid lost his portion of the tract, Whisenant became liable to Reid for the value of the land so lost by the latter.

3. Applying the above principles, the court erred in sustaining the demurrer to the petition.

*Judgment reversed. All the Justices concur, except*

HILL and GILBERT, JJ., dissenting. We are of the opinion that the court did not err in sustaining the demurrer and in dismissing the petition, as to the defendant Whisenant. The Civil Code, § 5516, provides that "As a general rule the action on a contract whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." In the instant case Whisenant made no contract with Reid. So far as the allegations of the petition show, Reid, at the time Whisenant assumed the loan, was not known in the contract, and there is nothing in the deed from Dodd

to Reid which could have the legal effect of an assignment of Dodd's rights under his contract with Whisenant. It is recited in the deed from Dodd to Reid that the loan against the land had been assumed by Whisenant. While this might be a warranty as between Dodd and Reid that the incumbrance on the title would be removed, we fail to see how such reference to the contract between Dodd and Reid could bind Whisenant. The contract between Dodd and Whisenant, in which Whisenant assumed the indebtedness, is a very different thing from the contract between Dodd and Reid, to which Whisenant was not a party, and in no way became bound, so far as the petition discloses. Whether Whisenant is liable to Dodd, or vice versa, is not now for consideration; neither is the question presented as to whether Dodd is liable in damages to Reid under his warranty involved in the present case, inasmuch as Reid prays no judgment or decree against Dodd, or his wife, who joined Dodd in the deed. In the present suit Reid seeks to obtain a judgment against Whisenant to answer for the failure of Dodd's title, without a written or even a parol agreement upon a consideration between Reid and Whisenant to do so. In the deed from Dodd to Reid there is only a recital that there is a loan upon the property which Whisenant has agreed to pay. As between Whisenant and Reid there is no express or implied agreement. The agreement which Whisenant made was not for the benefit of Reid, but for the benefit of Dodd and his wife and Pennington-Evans Co. Appeal of May's Estate, 218 Penn. 64 (67 Atl. 120, 122).

In 9 Cyc. 380 (2) it is said: "In many of the cases the doctrine is stated broadly that a person may maintain an action on a promise made for his benefit, although not a party to the contract; but this statement of the doctrine is too broad. By the weight of authority the action can not be maintained merely because the third person will be incidentally benefited by the performance of the contract; but he must be a party to the consideration, or the contract must have been entered into for his benefit, and he must have some legal or equitable interest in its performance." See also *Shropshire* v. *Rainey,* 150 *Ga.* 566 (104 S. E. 414) ; *Gunter* v. *Mooney,* 72 *Ga.* 205; *Cooper* v. *Claxton,* 122 *Ga.* 596 (50 S. E. 399). The *Gunter* and *Cooper* cases, supra, were suits at law by a child to recover, for breach of contracts made by the parents with a stranger, the agreed compensation for the child's services. All

the Georgia cases of which we are aware, in which it is held that a suit may be brought where a third party has an equitable interest in the subject-matter of the suit, are founded upon the fact that there exists, at the time that the obligation is assumed, some debt owing to a third party who seeks to enforce such rights growing out of such equitable interest as between the promisor and such creditor. The present suit brought by Reid against Whisenant, and Dodd as a mere nominal party, is separate and distinct, in our opinion, from any cause of action which Dodd might have against Whisenant, for the reason that the measure of damages, if any, would be different in each case. See *Williams* v. *Moody,* 95 *Ga.* 8 (22 S. E. 30).

On the proposition that no person can maintain an action respecting a subject-matter in reference of which he has no interest, see Baxter *v.* Baxter, 43 N. J. Eq. 82 (10 Atl. 814). A promise made by one person to another for the benefit of a third person, a stranger to the consideration, will not support an action by the latter. Rogers *v.* Union Stone Co., 130 Mass. 581 (39 Am. R. 478) ; Bank of St. Louis *v.* Rice, 107 Mass. 37 (9 Am. R. 1).

So far as the petition discloses, Reid was not known to the contract at the time it was entered into between Dodd and Whisenant, by which Whisenant assumed the prior indebtedness. There was no intent to benefit Reid, and could not have been under the terms of the deed, and any allegation in the petition to that effect would be a mere conclusion of the pleader.

Before the plaintiff in the present case could maintain his action at law, there must be alleged facts showing a privity of contract between Whisenant and Reid, some legal obligation owing from the former to the latter, thereby creating some equitable claim or interest which inures to the benefit of Reid. Durnherr *v.* Rau, 135 N. Y. 219 (32 N. E. 49) ; Kramer *v.* Gardner, 104 Minn. 370 (116 N. W. 925, 22 L. R. A. (N. S.) 492) ; Ramsdale *v.* Horton, 3 Pa. 330.

But able counsel for the plaintiff argues, that, while the question here involved has never been before this court directly for decision, "it is well settled in this State that a person has the right to sue on and enforce in equity a contract between others, made for or inuring to his benefit, or where he has the right to benefit thereunder; and that the Code, § 5516, providing that as

a general rule the action on a contract must be brought in the name of the party in whom the legal interest therein is vested, applies only to actions at law and not to suits in equity." Counsel further argues that this case must be determined by the principle ruled by this court in such cases as *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245) ; *Morgan* v. *Argard,* 148 *Ga.* 123 (95 S. E. 986) ; *Carruth* v. *Ætna Life Ins. Co.,* 157 *Ga.* 608 (122 S. E. 226). But we are of the opinion that the principle ruled in those cases does not apply to a case like the present. Those were cases where a purchaser of property agreed to pay certain debts; and the principle involved was analogized to a trust relation, where the purchaser was in effect a trustee in receiving the property bought for the benefit of the creditors. This case, therefore, is not controlled by the principle ruled in the above-cited cases. It may be that Whisenant would be trustee for the benefit of Pennington-Evans Co., having obligated himself, in accepting the deed from Dodd, to pay the loan due that company; but there is no such obligation in the instant case with reference to Reid. There are numerous authorities to the effect that one in the position of Pennington-Evans Co. can sue, but none, so far as we are aware, which would authorize Reid to sue in the circumstances of this case. See note in 21 A. L. R. 439-498.

The plaintiff cites a decision from an outside jurisdiction (Wilcox *v.* Campbell, 106 N. Y. 325, 12 N. E. 823), which holds as follows: "Where A, who is the owner of a tract of land which is subject to mortgage, sells a part to B, who assumes and agrees to pay as part of the purchase-price the amount of the mortgage, and thereafter A sells the remainder of the tract to C, C or his assignee may, on the foreclosure of the mortgage through the failure of B to pay the same, and the sale of his lands therefor, maintain an action against B to recover damages." In that case the suit was not brought by the vendee in the deed to the other piece of land, but was brought by the vendor of both tracts of land; the person who brought suit in that case corresponded to Dodd in the present case. Of course no one could question the right of Dodd to sue Whisenant on his contract to pay the incumbrance on the land which he purchased. It is true that in the Wilcox case, supra, the writer of the opinion expressly states that the vendee of the other piece of land, who corresponds to Reid in the present case, had a

right of action by reason of his conveyance from his grantor. There the grantee executed an assignment of his right of action and claim of damages to his vendor. But this does not alter the fact that the suit was actually brought by the vendor, to whom the promise to pay the incumbrance was made. Even if the distinction above pointed out be entirely disregarded, and it should be considered that the New York case was brought alone on the right of the grantee of the separate tract of land to sue, we are of the opinion that that case stands without any foundation in law, and without the support of any authority of which we are aware. No authority is cited in the opinion, and we therefore decline to follow that case.

The plaintiff in error also cites the case of Cooley *v.* Murray, 11 Colo. App. 241 (52 Pac. 1108). In that case it was held: "The agreement of the grantee of one of two lots owned by the grantor, subject to a mortgage, to assume and pay it as a part of the purchase-price, inures to the benefit of the subsequent grantee of the other lot, in case the mortgage is not paid and the second lot is sold to satisfy it." In the Cooley case, the complaining party paid off the incumbrance which had been assumed by the grantee of the other part of the land, and of course in such case he was *subrogated* to the rights of the creditor, and could maintain an action against the party assuming to pay, but who failed to pay. The Cooley case, therefore, is not authority contrary to the opinion expressed in this case.

But we have considered this case from other angles. Was the agreement of Whisenant to pay off the mortgage incumbrance on the land to Pennington-Evans Co. a covenant running with the land, which Reid would have notice of at the time he bought, and which would inure to his benefit? Let us consider, then, what is a covenant running with the land. In *Muscogee Mfg. Co.* v. *Eagle & Phenix Mills,* 126 *Ga.* 210 (54 S. E. 1028, 7 L. R. A. (N. S.) 1139), this court held that "To constitute a covenant running with the land, the covenant must have relation to the interest or estate granted, and the act to be done must concern the interest created or conveyed. A covenant running with the land relates directly to the land and follows it into the hands of assignees; a personal covenant does not do so." In 19 R. C. L. 379, § 149, it is stated that "By the weight of authority a provision in a deed

whereby the grantee assumes and agrees to pay an existing mortgage does not create a covenant which runs with the land, although such provision is inserted in connection with the covenants of seizin and against incumbrances." And see Scholton *v.* Barber, 217 Ill. 148 (75 N. E. 460). There can be no covenant running with the land in the instant case, because Whisenant has made no covenant as to the particular tract of land in. controversy, for the reason that he was not a party to the contract between Dodd and Reid; and as to the contract between Whisenant and Dodd, that does not involve the land in question. In order to bind Whisenant on this· theory of the case, there must be a covenant running with the land, and this covenant must have begun with Whisenant, and run on down through the conveyance of the particular land which he conveyed to the person who seeks to enforce the covenant. But such is not the case here. Whisenant agreed to assume the mortgage indebtedness to Pennington-Evans Co., but there is no covenant beginning in Whisenant whereby he agrees to pay off the incumbrance as between him and Reid; and therefore there can be no covenant running with the land beginning with Whisenant and running on down to Reid. See, on the general subject of covenant running with land, *Willcox* v. *Kehoe,* 124 *Ga.* 484 (52 S. E. 896, 4 L. R. A. (N. S.) 466, 4 Ann. Cas. 37) ; *Horne* v. *Macon Tel. Co.,* 142 *Ga.* 489 (83 S. E. 204, Ann. Cas. 1916B, 1212) ; *A. K. & N. Ry.* v. *McKinney,* 124 *Ga.* 929 (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215).

Plaintiff in error cites Civil Code § 4192, which provides that "The purchaser of lands obtains with the title, however conveyed to him, at public or private sale, all the rights which any former owner of the land, *under whom he claims* [italics ours], may have had by virtue of any covenants of warranty of the title, or of quiet enjoyment, or of freedom from incumbrances, contained in the conveyance from any former grantor, unless the transmission of such covenants with the land is expressly negatived in the covenant itself." It is argued that while Whisenant was not the grantor of Dodd, yet Whisenant was in the equivalent position of a grantor of Dodd, in so far as his covenant of assumption of the debt ran to Dodd, with respect to the portion of the land which Dodd retained, when he sold the other portion to Whisenant, and Whisenant's covenant was in the nature of one for quiet enjoyment, or of free-

dom from incumbrances, so far as the debt assumed was concerned. There are at least two reasons why this section of the code is not applicable to the case at bar. In the first place, we have held that this is not a case where the covenant runs with the land; and in the second place Whisenant was not the grantor of Dodd, and therefore it can not be said that Reid claims under Whisenant.

3. We have also considered this petition on the idea that it is a suit in tort, either purely ex delicto or for a tort arising from the breach of a contract. We are of the opinion that the suit can not stand on either of these propositions. There was no damage alleged either to the person or property of the plaintiff, unless it can be said that the failure to pay the mortgage debt to Pennington-Evans Co., and allowing the property which was security for the debt, to be sold, was a tort. In 38 Cyc. 426 (f), the rule as to suits in tort is thus stated: "As has likewise been seen, tort consists in the violation of a right given, or the omission of a duty imposed by law. Therein it differs from contract, where the right is granted and obligation assumed by agreement of the parties. Hence, to determine the form in which redress must be sought, it is necessary to ascertain the source or origin. If it be found that right or duty was created independent of the consent of the parties concerned, the action is tort; if because of such consent, it is on contract. Where the only relation between the parties is contractual, the liability of one to the other in an action of tort for negligence must be based upon some positive duty which the law imposes because of such relationship, or because of the negligent manner in which some act which the contract provides for is done. The question in all cases is whether, if the allegation as to the contract was stricken out, any ground of action would remain."

4. Neither do we think that the doctrine of subrogation, either conventional or equitable, applies to a case like the present. Had Reid taken up the claim of Pennington-Evans Co., then he would have been subrogated to the rights of Pennington-Evans Co.; but such is not the case here. See Civil Code (1910), § 3567.