Gaulden vs. Shehee.

JOHN P. GAULDEN, plaintiff in error, vs. HENRY D. SHEHEE, defendant in error.

[1.] Where the plaintiff holds several notes of the defendant due at different dates and upon which separate suits are brought at the respective maturity of each, the Court will not compel a consolidation of the actions; especially when the motion to do so, is made after one of the cases has been continued for the Term.

[2.] Where two suits are pending between the same parties, upon separate notes, which are parts of the same contract, and the defence to each, is precisely the same, interrogatories taken in one of the cases, may be read in both.

[3.] Upon a question of fraud in the sale of land, the testimony should be restricted to its value at the time of sale, and not its present worth, in order to fix the damages.

Assumpsit, from Decatur. Tried before Judge ALLEN, October Term, 1857.

This was an action of assumpsit, by Henry D. Shehee

against John P. Gaulden, on a promissory note, made by Gaulden for $2,500.

To this action, defendant plead:

1st. The general issue.

2d. Partial failure of consideration, in this, that said note was given as a part of the purchase money, of several lots of land in Decatur county, bought by defendant from plaintiff, consisting of about thirteen hundred and sixty-seven acres. The entire purchase money being $7,500. That at and before the purchase, plaintiff represented to defendant that said body of land contained five hundred acres of river bottom, which was then covered with water; that this representation was untrue, and known to be so by plaintiff at the time he made it. But that defendant relying upon said representations, believing them at the time, and not being able to measure the land on account of the water on it, confirmed the purchase, and gave his notes, one of which is that sued upon; that the river bottom land does not exceed three hundred acres, and that the difference in value between the bottom land and that not bottom land is ten dollars per acre, and that the quantity of land represented as bottom land was the inducement to defendant to make the contract.

It was further alleged, that plaintiff since said purchase, has removed and now resides out of the State.

At October Term, 1857, the case was called for trial on the appeal, and defendant moved to consolidate this action with another, brought on one of the other notes given in part of said purchase money, in the same Court, by the same plaintiff against the same defendant, and resting upon the same or part of the same consideration.

The Court refused the motion to consolidate, and defendant excepted.

Defendant had sued out separate commissions to take the depositions of Joseph P. Gray, in the cases pending in Court;

this case being one, and the other being on another note, given as part of the purchase money of the same land, by the same plaintiff against the same defendant, and he moved to be allowed to read and use both sets of interrogatories and answers in this case.

Plaintiff objected.  The Court sustained the objection and defendant excepted.

Defendant then moved to continue the case, on the grounds:

1st. That the ruling out one set of the depositions of Gray, was a surprise, as he had expected to use both on this trial, and without said depositions, he could not safely go to trial.

2d. That Judge ALLEN, (the presiding Judge,) was a material witness for him, and he having declined to be examined in this or any case, *ore tenus*, he could not go to trial without his testimony, which he expected to obtain by commission, by the next Term of this Court.

The Court overruled the motion to continue, and defendant excepted.

Plaintiff then offered and read in evidence the note, and closed.

Defendant then went into his defence, and introduced testimony in support of his pleas.  Plaintiff replied :

The Court charged the jury, amongst other things, that if it was proven that the note sued on was given as part of the consideration for the purchase of a plantation bought by defendant from plaintiff, consisting in part of bottom land, and that at the time, the parties were in treaty in relation to said purchase, a portion or all of the bottom land was covered with water so that defendant could not ascertain the quality or quantity, and plaintiff represented to defendant that there were four hundred or any other number of acres of bottom land, and that it was of a particular quality or value, and these representations were *untrue*, and defendant was damaged thereby, the jury should de-

duct from the note the amount of such damage, and plaintiff was bound by his representations whether he knew them to be false or not.

The jury found for the plaintiff the full amount of the note, with interest and cost.

Whereupon counsel for defendant moved for a new trial.

1st. Because the verdict was contrary to law, the evidence and the charge of the Court.

2d. Because the Court permitted the witness English, against the objection of defendant, to testify as to the present value of the lands.

3d. Because the Court erred in refusing to consolidate; in refusing to allow defendant to read both sets of depositions of the witness Gray, and in refusing the motion for continuance, as before set out and excepted to.

The Court after argument, refused the motion for a new trial, and defendant excepted.

I. E. Bower, for plaintiff in error.

McIntyre & Young; and Cole, *contra.*

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] Was the Court right in refusing to compel the plaintiff to consolidate the two actions.? We think so, clearly. The notes fell due at different times, and were sued each, at maturity. (*Tidd's Pr.* 613.) Besides, in this case, one of the cases had been continued for the Term, before the motion to consolidate was made.

[2.] Did the Court err in refusing to allow the testimony of Gray, taken by commission, to be read ? There were two cases pending in the Court upon two separate notes, but both notes were part of the same contract. Two sets of interrogatories were taken out for the witness Gray, one in-

tended for the one case and the other for the other.  One set was answered more fully than the other, and on that account, the defendant proposed to read both sets, in the same case.  Why not allow it to be done ?  The parties were the same; the subject matter or issues the same precisely in both cases.  No good reason can be assigned why they should not have been read.

[3.] The witness, English, was permitted by the Court to be examined as to the present value of the land, in order to ascertain whether Gaulden was injured by the fraud alleged to have been practiced upon him when he bought the land. This was clearly wrong.  His testimony should have been restricted to the value of the land at the time of the purchase, and not extended to its present value.

Considering the loss and depreciation in the quantity and quality of the land, it is impossible to justify the verdict upon any other hypothesis, than that the jury took into consideration the present value of the land, and that, they had no right to do under the law.

We forbear to express any other or further opinion upon the facts.

We have omitted noticing several points which will not arise upon another trial, and which involve no legal principle of general importance.

Judgment reversed.