## WALKER *vs.* FIELDS.

1. A *mill-wright* may give his *opinion* as to the skillfulness of work done on a mill, but not a *miller*.
2. An expert may give an opinion upon the *facts* testified to by other witnesses, but not upon *their opinions*.
3. It is the right of the defendant to introduce sur-rebutting testimony, although it be cumulative only.

Debt, from Henry county. Tried before Judge CABANISS, at April Term, 1859.

This was an action by William. B. Fields, for another, against Andrew W. Walker, on a promisory note given in part payment for the building of a merchant mill. The defendant filed his pleas of partial and entire failure of consideration, to-wit : That said mill was not built according to contract, and that the machinery was inefficient and wholly unfit for the purposes contemplated; the contract being set forth in the brief of evidence accompanying the record. Defendant proposed to prove by Dawson, defendant's first miller, in addition to the improper construction of the machinery, that in consequence of the want of durability and efficiency in said machinery, the defendant had been damaged fifteen hundred dollars. This testimony was objected to by plaintiff's counsel on the ground that Dawson was no mill-wright, and his opinion of the damages sustained by defendant was, therefore, inadmissible, unless he would state the facts upon which his opinion was predicated. The court sustained the objection, and counsel for defendant excepted.

Defendant, after having read the contract, and the depositions of Dawson, Key, and Edge, proposed to prove by Thomas A. Adams, a mill-wright, the difference between

a mill built according to the contract and the mill built by Fields, as proven by the witnesses.

Counsel for plaintiff objected, on the ground that witness could give his opinion only upon the *facts* proven by the other witnesses and not upon their opinions. Defendant's counsel insisted that they, (the contract and the testimony of the witnesses,) were enough to enable Adams to give a correct opinion as to the damages sustained. The court ruled that Adams could testify only from the facts proven, but could not testify as to the damages sustained by defendant from the opinions of the witnesses. For instance, when the witnesses testified to a fact, such as the length and so forth of the shaft, then the witness Adams might give his opinion as to the difference between the value of the thing proven and one properly constructed, and counsel for defendant excepted.

After plaintiff had read his note to the jury, and the evidence of the defendant had closed, plaintiff, in rebuttal read several sets of interrogatories going to prove that the mill was built according to contract. Defendant then offered to introduce James McNeely, E. L. Gresham, Daniel Grafton and James Smith, to prove that in consequence of the improper construction of the bolting chest, &c., some customers would get twenty pounds of flour and others sixty. To which plaintiff's counsel objected, upon the ground that the evidence was merely cumulative of what had been previously proven by defendant, and therefore, was inadmissible. The court sustained the objection and ruled out the evidence, and counsel for defendant excepted.

The jury found for the plaintiff the balance due on the note.

Whereupon defendant tenders his bill of exceptions, assigning as error the rulings and decisions above excepted to.

Cantrell vs. Adderholt.

DOYAL & NOLAN, for plaintiff in error.

CLARK & LAMAR, *contra*.

*By the Court.*—LUMPKIN, J., delivering the opinion.

1. The court, so far as the bill of exceptions shows, made no decision as to the admissibility of Dawson's testimony. Had this evidence been rejected, as it probably was, it would have been right. It was a mere matter of opinion; and he was not a *mill-wright* but a *miller* only.

2. We concur with the court that Thomas A. Adams, as an expert, could only give an opinion upon the *facts* testified to by Dawson, Key and Edge, and not upon their *opinions*.

3. The rejection by the court of the sur-rebutting testimony of McNeely, Gresham, Grafton and Smith, was wrong. True, it was cumulative; but the defendant could not have anticipated the proof offered by the plaintiff in rebuttal to establish the fact that the mill was built according to contract. It behooved him, therefore, to support his defence by additional evidence, and he had a right to do so, especially as it does not appear that any of the plaintiff's witnesses had left the court; or that he was hurt by the direction given to the testimony.

Judgment reversed.