## 27073. CUZZOURT *v.* POPHAM.

STEPHENS, P. J. 1. On the trial of a case in which the plaintiff brought suit to recover of the defendant an amount of money alleged to have been loaned and advanced to him to be used by him in paying a fine upon the defendant's conviction of a crime arising out of the operation of a liquor still, where the defendant admitted the advancement of the money but contended that he did not owe it, because he and the plaintiff had been engaged in the illegal liquor business, and that the plaintiff had advanced the money for the payment of the defendant's fine and paid the fine on condition that the defendant should take the blame and not mention the plaintiff's connection with the business, and the defendant testified to these alleged facts, which the plaintiff in his testimony denied, an admission made by the defendant to the sheriff when the defendant was arrested at the still, that the defendant alone was running the still, and that no one other than the defendant had anything to do with the manufacture of the intoxicating liquors, was relevant as evidence tending to impeach the defendant's testimony which he had already delivered, connecting the plaintiff with the business of being engaged with him in the manufacture of liquor, and as an extrajudicial admission by the defendant that the plaintiff was not so engaged in the manufacture of intoxicating liquors. The exclusion of such testimony by the court was error prejudicial to the plaintiff, notwithstanding it was cumulative of similar testimony as to the defendant's admission, given by another witness who had testified before the rendition of the defendant's testimony. See *Bryan* v. *Watson*, 20 *Ga.* 480 (6) ; *Walker* v. *Fields*, 28 *Ga.* 237. The exclusion from evidence of the aforesaid statement of the defendant to the sheriff was not rendered harmless by the fact that the defendant in his testimony had admitted making such statement, where the statement made by the defendant in his testimony was not to the effect that he had admitted when he was arrested at the still that he alone was engaged in the manufacture of liquor, but was only that he told the officers who came to the still that the still was his altogether, and that his two young sons who were at

the time caught at the still with him "did not have anything to do with it," and he asked the officers, for this reason, not to arrest the boys.

2. The allegation in the assignment of error that the offered testimony objected to was that of the sheriff of the county was a sufficient identification of the witness whose testimony was offered, and the assignment of error is not defective on the ground that the witness whose testimony was offered was not identified by name.

3. Whether or not the assignment of error that the court erred in refusing to permit the plaintiff to introduce testimony as to his good character was sufficient to authorize its consideration by the court, such testimony, after the testimony of the defendant as to the plaintiff's participating in the illicit whisky business, which thereby put the plaintiff's character in issue, was relevant and admissible in behalf of the plaintiff. Code, § 38-202.

4. The jury having returned a verdict for the defendant, the court erred in overruling the plaintiff's motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*

DECIDED NOVEMBER 16, 1938.

*James F. Kelly,* for plaintiff. *Lanham & Parker,* for defendant.

