### 51574. REBEL MOBILE HOMES v. SMITH.

CLARK, Judge.

Shortly after she purchased a mobile home from defendant, plaintiff brought this suit to recover damages for negligent installation of the trailer and for breach of warranty. The case was tried by a jury which rendered a verdict for plaintiff in the amount of $7,500. Judgment was entered upon the verdict and defendant appealed.

1. Arguing that the evidence established an accord and satisfaction of plaintiff's claim, defendant contends the jury's verdict is without foundation. We disagree.

"Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the

former contract." Code § 20-1201. In this case, plaintiff agreed she would not go to law if defendant repaired the numerous defects in the mobile home. Thus, it was the performance of the agreement, not the agreement itself, which was to have satisfied the plaintiff's claim. The agreement was only executory.

Where an accord and satisfaction is executory, "It is only complete when all is done that was to be done in satisfaction." *Campbell Coal Co. v. Pano,* 51 Ga. App. 232, 234 (180 SE 139); *Redman v. Woods,* 42 Ga. App. 713 (157 SE 252). Here the evidence was in conflict as to whether defendant fully repaired the defects in plaintiff's trailer. Accordingly, it was a question for the jury as to whether defendant satisfied the accord. See *Dixie Belle Mills v. Specialty &c. Co.,* 217 Ga. 104, 111 (120 SE2d 771). The "doctors of doubt" decided adversely to defendant on this issue.

2. Defendant erroneously contends that the amount of the verdict exceeds the amount of damages shown by the evidence.

Based solely on the opinion testimony of plaintiff, the amount of damage to plaintiff's mobile home would be computed at $6,371.85. As defendant points out, this sum is less than the amount awarded to plaintiff by the jury. Nevertheless, an examination of the record discloses that the jury's verdict of $7,500 is within the range of evidence.

"A jury is in no event absolutely bound by opinion evidence, and as to everyday objects, such as automobiles, they may draw from their own experience in forming estimates of market value." *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451, 455 (88 SE2d 809); *Nail v. Hiers,* 116 Ga. App. 522, 524 (157 SE2d 771). Here plaintiff described in detail the defects in the trailer; and plaintiff introduced thirteen photographs of the trailer's condition. This evidence provided the jury with a proper guide to the value of the mobile home.

3. "Whether a witness has such learning or experience in a particular art, science, or profession to be treated as an expert, or to be deemed prima facie an expert, is a matter addressed to the sound discretion of the trial court, and such discretion will not be disturbed unless manifestly abused." *Howard v. State Hwy. Dept.,*

117 Ga. App. 280, 282 (160 SE2d 204). The trial court did not abuse its discretion in allowing the carpenter to testify as an expert.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED JANUARY 12, 1976 — DECIDED FEBRUARY 5, 1976.

*Hyatt & Rhoads, James B. Rhoads, D. R. Sloan,* for appellant.

*Ballard, Thigpen & Griffith, W. D. Ballard, George W. Griffith,* for appellee.