## 59246. MURDOCK v. GODWIN.

McMURRAY, Presiding Judge.

In April, 1974, Edwin L. Godwin purchased a used car (1973 Chevrolet Monte Carlo) from Leon Murdock, a used car dealer, receiving an express guarantee of clear title. On February 17, 1977, plaintiff was contacted by law enforcement officers and subsequently made the automobile available to them for inspection. After they examined several serial numbers on the car, law enforcement officers seized the car, and Godwin never saw it again.

Plaintiff Godwin brought this action in two counts against the defendant Murdock, alleging that the automobile was stolen and therefore defendant did not have and could not have conveyed good title thereto. Count 1 is predicated on breach of warranty of good title and Count 2 alleges fraud.

Upon the trial of the case the jury returned a verdict in favor of plaintiff awarding $3,652.10 compensatory damages; $1,250 attorney fees; and $8,000 punitive damages. The judgment followed the verdict. Defendant's motion for new trial was denied and defendant appeals. *Held:*

1. The trial court erred in allowing plaintiff to introduce the hearsay testimony of an F.B.I. agent regarding a discrepancy between the derivative identification numbers located on the engine of the automobile and the vehicle identification number (V. I. N.) on a public plate located on top of the dashboard of the automobile. The V.I.N. plate is readily visible through the windshield of the car while inspection of the engine numbers was accomplished by jacking up the car. It was a special agent of the National Auto Theft Bureau who actually crawled under the car to examine the engine numbers, and

the F.B.I. agent in testifying in regard thereto merely repeated the numbers stated to him.

Under the circumstances of this case, however, the error was harmless. The purpose and only relevance of the testimony as to the identifying numbers was to present proof that the car was a stolen vehicle. Other evidence on this point shows that the public V.I.N. plate on the dashboard had been altered so as to show a number other than the original; that the number shown by the public plate prior to alteration was the V. I. N. of a stolen automobile; that the V. I. N. located on a "Federal sticker" on the door post on the driver's side had been obliterated and that law enforcement officers, after examining the automobile for identification numbers and making inquiries with the National Crime Information Center, had seized the vehicle. In the light of the additional circumstantial evidence that the automobile was a stolen vehicle, it is most improbable that the exclusion of the erroneously admitted hearsay evidence would have altered the verdict. The admission of evidence over objection, even if erroneous, will not be cause for reversal if the same or substantially the same evidence is admitted without objection. *Calhoun v. Chappell,* 117 Ga. App. 865, 867 (3) (162 SE2d 300); *Wolfson v. Rumble,* 121 Ga. App. 549 (1) (174 SE2d 469).

2. Defendant enumerates as error the refusal of the trial court to grant defendant's motion for directed verdict at the conclusion of plaintiff's evidence. Defendant argues in support of this enumeration that there was no evidence that the automobile was stolen. This contention is not correct, however, as ample admissible circumstantial evidence as detailed in Division 1 of this opinion was presented to show that the automobile was a stolen vehicle. The failure of the warranty and possible fraud was clearly shown by the evidence.

3. An employee of an insurance company which had obtained title to the automobile after it was stolen testified and identified a copy of the title of the automobile taken from the business records of the company and made in the regular course of business. Defendant objected to the introduction of this evidence, contending it was without a proper foundation as plaintiff did not prove a sufficient chain of custody. The insurance company employee testified that he was custodian of the document in question. That it had earlier been in the custody of another employee of the insurance company at another location goes to the weight and not to the admissibility of the evidence. *Walter E. Heller & Co. v. Aetna Business Credit,* 151 Ga. App. 898, 902-903 (5) (262 SE2d 151); *Whitehead v. Joiner,* 234 Ga. 457, 459 (3) (216 SE2d 317).

4. Defendant contends that the trial court erred in refusing to

admit relevant evidence and in erroneously charging the jury as to the measure of damages in that defendant was not allowed any setoff for the value of plaintiff's use of the automobile during the period of time that it was in plaintiff's possession. Under both the breach of warranty cause of action and the fraud and deceit cause of action the measure of damages was the difference between the actual value of the automobile at the time of delivery (and acceptance) and the value the automobile would have had if the title had been as warranted and represented. See in this regard Code Ann. §§ 109A-2 — 714 (2) (3) (Ga. L. 1962, pp. 156, 230); 109A-2 — 715 (Ga. L. 1962, pp. 156, 231); and *Aderhold v. Zimmer,* 86 Ga. App. 204, 208 (71 SE2d 270). The trial court correctly charged the jury on this measure of damages. As both measures of damages relate solely to the time of the delivery and acceptance, the trial court was correct in excluding irrelevant evidence as to the value of plaintiff's use of the automobile subsequent to that time and in refusing to charge the jury thereon.

5. At trial defendant was called as a witness by plaintiff for purposes of cross-examination. In such circumstances the privilege of impeachment is preserved as if the witness had testified on his own behalf and was being cross-examined. See Code Ann. § 38-1801 (Ga. L. 1945, p. 227; 1947, p. 568). Defendant contends that he was called solely for the purpose of effecting his impeachment and argues that as his testimony never contradicted the evidence presented by plaintiff's witnesses plaintiff should not have been allowed to present evidence for the purpose of impeaching him. However, the factual supposition upon which defendant's argument is predicated is not correct. Defendant testified that he did not know the car he sold plaintiff was stolen and that he did not intend to defraud plaintiff. This testimony of defendant is in conflict with the circumstantial evidence presented by plaintiff, including plaintiff's evidence that defendant had sold stolen automobiles to a number of other customers.

Defendant was afforded adequate opportunity to object and did object to the admission into evidence of a certified copy of defendant's conviction of the offenses of "18 USC 371, 2312, 2313 - Conspiracy [to] transport stolen motor vehicles in interstate commerce and to to [sic] receive, conceal, store, barter and sell stolen motor vehicles having been transported in interstate commerce." This enumeration of error is without merit as it was for jury determination as to scienter and his intent to defraud the plaintiff.

6. The actual invoice at the time of sale was allowed in evidence showing the price as $2,884, cash on delivery. The defendant testified that he had been in the automobile business for 25 to 30 years; that he had no reason to believe the automobile had been stolen and had

bought and sold numerous automobiles during that period ("can't count that high"). He admitted he had answered interrogatories showing the value of the automobile at various amounts such as "$2500," had purchased it for "$2500," also at "$2884," and in one instance that its fair market value at the time it was sold to plaintiff was "$3,688.80." He also testified at the trial that the fair market value was "about $3,000." Plaintiff testified that he paid $2,884 for the car but borrowed $3,000 from his bank for the purchase and that he repaid the bank $3,652.20, including finance charges and fees. The jury returned a verdict of $3,652.20. We note that this was equivalent to the sum repaid to the bank by plaintiff.

Testimony as to market value is in the nature of opinion testimony and is admissible, provided the witness had an opportunity for forming a correct opinion. Code § 38-1709; *Rebel Mobile Homes v. Smith,* 137 Ga. App. 496, 497 (2) (224 SE2d 483). In the case sub judice the invoice or purchase price would be relevant but not necessarily conclusive evidence as to value. See *Sentry Ins. v. Henderson,* 138 Ga. App. 495, 498 (4) (226 SE2d 759); *Corvair Furniture Mfg. Co. v. Bull,* 125 Ga. App. 141, 142 (8), 150 (186 SE2d 559).

Here the defendant admitted he had by interrogatories sworn that its fair market value was as high as "$3,688.80," but now was of the opinion its value was "$3,000," having sold it to defendant for "$2800." However, a jury is in no event absolutely bound by opinion evidence as the jurors may draw from their own experience in forming estimates of market value. *Atlantic Coast Line R. Co. v. Clements,* 92 Ga. App. 451 (2), 455 (88 SE2d 809); *Hoard v. Wiley,* 113 Ga. App. 328, 329 (2) (147 SE2d 782); *Nail v. Hiers,* 116 Ga. App. 522 (1), 524 (157 SE2d 771); *Rebel Mobile Homes v. Smith,* 137 Ga. App. 496, 497 (2), supra. As the automobile was shown by the evidence to have been stolen and defendant had no authority to sell it to plaintiff, the actual value of the automobile at the time of delivery (and acceptance) to the plaintiff, that is, as to its worth to the plaintiff was absolutely zero. The value the automobile would have had, if the title had been as warranted and represented, could have been its purchase price or the bargain which the plaintiff would have received. Consequently, under the facts and circumstances of the case sub judice, the jury's verdict of $3,652.20 is within the range of the testimony, even though higher than the invoice, the purchase price and the low range of defendant's expert opinion of its value. See *Rebel Mobile Homes v. Smith,* 137 Ga. App. 496, 497 (2), supra; *Hixson v. Barrow,* 135 Ga. App. 519, 521 (1) (218 SE2d 253); *Hogan v. Olivera,* 141 Ga. App. 399, 402 (233 SE2d 428), and cases cited.

The trial court did not err in refusing to conform the jury verdict

to the evidence inasmuch as we cannot determine that the jury's verdict was not "within the range of evidence." *Rebel Mobile Homes v. Smith,* 137 Ga. App. 496, 497 (2), supra.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 16, 1980 — DECIDED JUNE 11, 1980.

*L. Joel Collins,* for appellant.
*Susan G. Elliott,* for appellee.