## 61307. HARDEMAN et al. v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al.

DEEN, Presiding Judge.

Appellants, Emma Hardeman (the grandmother), Eleanor Hardeman (the daughter), and Charles and Eric Hardeman (the grandchildren), brought suit against MARTA and one of its bus operators, Melvin Brown, alleging that when they boarded a MARTA bus a dispute arose as to the fare required for four-year-old Eric. The appellants contend that during the course of the disagreement Brown drove the bus in such a manner as to cause physical and emotional injury to appellants and that Brown used abusive and insulting language which caused them emotional distress.

At the close of the evidence, all counts of appellants' complaint were dismissed except one which sought damages for "injury to the peace, happiness, and/or feelings" of the appellants. The jury returned a verdict in favor of MARTA and Brown.

1. The trial court did not err in refusing to allow cross-examination of Melvin Brown as to the contents of his employment records for purposes of impeachment. Appellants contend that his answers to interrogatories contained a possible discrepancy as to the number of passenger complaints received by MARTA during Brown's period of employment. The answers to interrogatories were not introduced into evidence and Brown did not

testify as to the number of such complaints.

Code Ann. § 38-1803 provides: "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against him (unless they are written statements made under oath in connection with some judicial proceedings), the time, place, person, and circumstances attending the former statement shall be called to his mind with as much certainty as possible; and if in writing, the same shall be shown to him, or read in his hearing, if in existence; and to lay this foundation, he may be recalled at any time."

In this case, as no statement was made by Brown which could be contradicted no foundation could be laid for impeachment purposes. Thus, the appellants sought to cross-examine the witness on an irrelevant matter. "The right of cross examination is not abridged where cross examination of the witness to irrelevant matters is not permitted. The trial court has a discretion to control the right of cross examination within reasonable grounds, and the exercise of this discretion will not be controlled unless abused." *Pope v. Firestone Tire &c. Co.,* 150 Ga. App. 396, 399 (258 SE2d 14) (1979). We find no abuse of the trial court's discretion.

2. The trial court did not err in excluding the personnel records of Melvin Brown on the grounds that they were irrelevant. Appellant contends that they were relevant and admissible for the purpose of showing knowledge and notice as to defendant MARTA. As the record does not show any attempt was made by the appellant to introduce the personnel file into evidence and there is nothing in the record to show that the trial court ordered the record excluded from evidence, there is nothing for this court to review on appeal. *Rasberry v. State,* 139 Ga. App. 189 (228 SE2d 186) (1976).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 29, 1981.

*Allan L. Galbraith, Irwin M. Ellerin,* for appellant.
*Donald P. Edwards,* for appellees.