### 64069. LASTER et al. v. THE STATE.

BIRDSONG, Judge.

Armed Robbery. J. L. Laster and Curtis Stephens were jointly tried and convicted of armed robbery of a convenience store. Laster was sentenced to twenty years with fifteen to serve, and Stephens was sentenced to twenty years with ten to serve. They were jointly defended and each brings this appeal enumerating the same asserted errors. *Held:*

1. Although each defendant alleged nine separate enumerations of error, we find only one with any real merit. We will observe, however, as to enumerations 4-9, should the case be tried again, that these allegations of failure to charge sua sponte as to various issues would be obviated by counsel submitting appropriate written requests. Moreover, we feel constrained to comment that there are certain general charges such as those pertaining to admissibility of confessions, credibility of witnesses, the effect of reasonable doubt, and similar charges contained in the suggested "pattern charges" recommended for use by trial courts that are useful to juries as contributing to their greater understanding of their duties which ordinarily are given with or without a request therefor. We will not burden trial courts with an obligation to give charges not requested in writing but suggest the propriety of giving those which are very common in the trial of a criminal case such as the ones listed above; but this court ordinarily will find no error as to the omission of such collateral matters in the absence of a written request therefor.

2. However, we do find merit in one enumeration. At trial, the confession of Laster, after an appropriate Miranda showing, was admitted as a state's exhibit. The statement was a written rendition of the oral statement given to the interrogating officer. The interrogator testified to the taking of the statement, then read the statement to the jury; thereafter, the written rendition of the statement was given to the jury during its deliberations. The exact same procedure was followed as to the statement of Stephens. At the time of the admission of those two documents counsel for appellants objected that: "We object to their introduction into evidence on the grounds . . . that they have been read . . . fully . . . to the jury . . . and we

object to their introduction as a written document on the grounds that it would unduly emphasize the testimony as far as this jury is concerned." The trial court overruled this objection and allowed the two documents to go to the jury.

*Royals v. State,* 208 Ga. 78, 81-82 (65 SE2d 158) held that under identical circumstances, the trial court erred in permitting the jury to have in the jury room the statement of the accused and his alleged co-conspirator and granted a new trial. The rationale of the court was that all writings introduced in evidence in lieu of testimony from the witness stand, such as interrogatories, depositions, dying declarations and confessions of guilt of a defendant or an alleged co-conspirator, which depend entirely for their value on the credibility of the maker, should not be in the possession of the jury during their deliberations. Where any such papers are delivered to the jury, over timely objection, a new trial must be granted. This rule has recently been acknowledged and approved in the cases of *Stidem v. State,* 246 Ga. 637, 639 (3) (272 SE2d 338), *Goins v. Glisson,* 162 Ga. App. 290 (1982), and *Thomason v. Genuine Parts Co.,* 156 Ga. App. 599, 601 (275 SE2d 159). In view of the specific objection to the documents going to the jury after having been read, we find no waiver.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED JULY 6, 1982 —
REHEARING DENIED JULY 27, 1982.

*Clayton Jones, Jr.,* for appellants.
*John Parks, District Attorney,* for appellee.