68629. HALEY et al. v. OAKS APARTMENTS, LTD.
(325 SE2d 602)

BIRDSONG, Judge.

This is an appeal by the defendants/counterclaimants, who purchased an apartment complex in July 1980 from the plaintiff Oaks Apartments, Ltd. ("Oaks"). The seller Oaks sued appellants in a claim on a $25,000 escrow account established for air conditioning repairs. Oaks sought $16,812.66 from the fund, plus $6,621 claimed due for rents collected by appellant buyers after the closing, and further sought attorney fees for bad faith and stubborn litigiousness. The ap-

pellants counterclaimed for breach of the escrow agreement, fraud and deceit, and breach of warranties. It was alleged that at the closing, Oaks did not produce certain assurances relating to the number of tenants then occupying the property, the number and condition of appliances in the 204 apartment units, and the existence of a termite bond and absence of termite infestation. The sales contract was "as is" but, to comply with the assurances sought by appellants and to close the sale, the seller Oaks gave certain express warranties as to those assurances, specifically provided to survive the sale. Extensive discovery ensued and a great deal of testimony and evidence was received, including hundreds of documents tending to show that between sale and trial, the property had increased in value and income. The trial court instructed the jury on punitive damages, and provided a special verdict form allowing an award of punitive damages.

The jury returned a verdict awarding the $16,812.66 of the air conditioning escrow fund to the plaintiff-seller, awarding plaintiff $3,923 punitive damages, and awarding nothing to the defendants on their counterclaims. Defendants made motion for new trial, which was denied, but the trial court did strike the award for punitive damages. Defendants' ("appellants" herein) appeal enumerates 25 enumerations of error. *Held*:

1. Appellants, in the first four enumerations of error, complain of the jury charge and special verdict form allowing punitive damages. The issue is moot, as the judgment is reversed on other grounds.

2. Enumerations 5-10 urge error in the admission of evidence and documentation (including rent rolls and accounting records) concerning value and income of the property after the date of sale. The plaintiff-seller introduced this evidence purportedly to show that, rather than getting "much less than they bargained for due to seller's fraud," the appellant-buyers "got a better deal than they were willing to admit." The legal ground for admission of all this evidence was essentially that it illustrates the appellant-buyers' failure to prove damages, or proves that appellants suffered no damages or had mitigated their damages.

We agree with appellants that any increase in value or income of the property after the seller's alleged fraud or breach of warranty at the time of sale is generally irrelevant. The measure of proof of damages in cases of specific fraud and breach of warranty is the difference between the value of the property at the time of delivery and the value the property would have had if the property had been as warranted and represented. *Gaulden v. Shehee*, 24 Ga. 438; *Murdock v. Godwin*, 154 Ga. App. 824, 825-826 (269 SE2d 905). The seller contends the evidence was proper to show mitigation of damages, but mitigation of damages is not required in the case of fraud, a "positive tort" (OCGA § 51-12-11), nor breach of warranty. *Murdock*, supra.

Specifically as to the breach of contract (warranty) claim, "[i]t is undoubtedly true that where by a breach of contract one is injured, he is bound to lessen the damages so far as is practicable, by the use of ordinary care and diligence. . . . This rule is applicable only where the damages can be lessened by reasonable efforts and expense. . . . [But] [t]he rule requiring the plaintiff to protect himself from loss arising from breach of a contract is not applicable where there is an absolute promise to pay. . . ." *Reid v. Whisenant*, 161 Ga. 503, 509-510 (131 SE 904). An express warranty is an absolute promise; under these circumstances the measure of damages is based on the value of the property at the time of the breach. *Reid*, p. 509. Moreover, any general rule stating that "where by a breach of contract one is injured, he is bound to lessen the damages so far as is practicable by the use of ordinary care and diligence" (*Reid*, supra), really only means that the injured party, by his own negligence (failure to use ordinary care), cannot set about to take advantage of the breach and make his damage worse. A breach of contract is a "positive act" which does not affirmatively require the injured party, in order to recover, to mitigate his damages. See *Athens Mfg. Co. v. Rucker*, 80 Ga. 291, 295 (4 SE 885); see, similarly, OCGA § 51-12-11. The defaulting party cannot avoid his breach by showing that the claimant by his own skill or luck was able to make a profit somewhere else.

The appellee-seller should not have been allowed to show that the appellants "got a better deal than they were willing to admit"; this was irrelevant to the issue of damages for appellee's fraud or breach. It was prejudicial error. The appellants gave evidence showing the correct measure of damages (*Murdock*, supra) and if the fraud or breach was proved, were entitled to recover whether they later made a profit.

3. The trial court erred in refusing to permit appellants to sur-rebut the specific testimony of a surprise rebuttal witness who had "sneaked onto appellants' property and performed a purported termite inspection" during trial and testified that he found very little termite damage at the time of trial. See generally *Walker v. Fields*, 28 Ga. 237.

4. The trial court committed prejudicial error in giving to the jury, as exhibits, certain pleadings and documents from other lawsuits, which appellees introduced allegedly for purposes of impeachment of general veracity of one of appellants' witnesses. *Goins v. Glisson*, 163 Ga. App. 290, 292-293 (292 SE2d 917); see also *Laster v. State*, 163 Ga. App. 294 (293 SE2d 75). Oral testimony concerning any such other lawsuits would be incompetent for impeachment purposes unless it contradicted the witness' testimony at trial (OCGA § 24-9-82; *Hardeman v. MARTA*, 157 Ga. App. 271 (277 SE2d 65)) and cannot be used merely to expose the witness' "intelligence, memory,

accuracy, judgment and veracity," as appellee contends. Such personal qualities, or lack thereof, may be subject to cross-examination but not by the introduction of irrelevant, prejudicial evidence. See esp. *Gilbert v. State*, 159 Ga. App. 326 (283 SE2d 361), where this court held that the defendant (accused of possession of cocaine) could not impeach a state's witness who denied having been a model, by showing in evidence a *Gallery* magazine depicting the witness and another cavorting about the seashore *au naturel.*

5. The trial court erred in allowing the appellee-seller to cross-examine appellants' attorney as to whether a certain pest control company employee had been subpoenaed as a witness, upon the subject matter of appellant's prayer and proof of attorney fees. Appellants of course contend the matter was privileged, and prejudicial intending to imply to the jury that the pest controller was not called by appellants because his testimony would have hurt appellants. The appellee responds that by requesting attorney fees, appellants waived any privilege as to attorney work product, "or otherwise appellee would be denied the right to a thorough and sifting cross-examination as to the basis for this rather major aspect of appellants' alleged damages." We will generously presume the "major aspect" appellee is alluding to here is the attorney fee damages, for we would otherwise have to conclude the trial court allowed the appellee to prove its termite case by cross-examining appellants' attorney as to the attorney's strategy. The appellee's claim that the prayer for attorney fees waives any privilege as to work product, deserves no response.

6. The appellants' contention of error on the trial court's one-sided summation of the parties' claims is moot; we are certain any inadvertent error will not be repeated.

7. A charge on novation and mutual departure was authorized by the evidence and should have been given for jury determination. *Continental Cas. Co. v. Union Camp Corp.*, 230 Ga. 8, 11 (195 SE2d 417); *Crawford v. First Nat. Bank*, 137 Ga. App. 294 (223 SE2d 488). The charge as to fraud by concealment of defect can be perfected upon retrial.

8. The trial court committed prejudicial error in charging that in a fraud action a party is bound by the provisions of the contract and may not recover if any of the contractual provisions preclude him from establishing the elements of fraud and deceit. The sales contract in this case did merge into the deed, but the appellants' claims of fraud and deceit were based upon certain warranties and assurances that were specifically intended and provided to survive the deed, as consideration for the appellants to proceed with the closing as scheduled. See, e.g., *Little v. Merch*, 124 Ga. App. 73 (183 SE2d 234), overruled on other grounds, *Holmes v. Worthey*, 159 Ga. App. 262, 268 (282 SE2d 919), affirmed in *Worthey v. Holmes*, 249 Ga. 104 (287

SE2d 9). The closing "documents" therefore did not preclude appellants from recovering for fraud and deceit, but specifically gave rise to those claims. The charge was therefore contra the evidence and misleading, and especially prejudicial in view of the appellee's repeated trial arguments that the entire sale was "as is."

9. The charge placing upon appellants a duty to mitigate their damages was error. See Division 2, infra.

10. Appellants contend the trial court erred in allowing the appellee-seller to "anticipate appellants' counterclaims" by presenting its counterclaim defenses in its main case as plaintiff. We agree. Generally, the order of proof is in the trial court's discretion (*DuBois v. DuBois*, 240 Ga. 314 (240 SE2d 706)), but the procedure permitted by the trial court allowed the appellee, as plaintiff, to present its defense to appellants before the appellants had a chance to prove the claims, and then to rebut the claims in its defense. The trial court may govern the order of proof, but not if the weight of proof is prejudicially affected. The error is best described by appellants: "Appellee got two bites of the apple."

11. Appellants' twenty-fifth enumeration of error is meritorious insofar as the overruled question, which was as to appellants' cost of repairs immediately following the sale, was related and restricted to the appellants' particular claims of damages for fraud and breach of warranty. See *Rose Mill Homes v. Michel*, 155 Ga. App. 808 (273 SE2d 211).

*Judgment reversed. Carley and Beasley, JJ., concur in the judgment only.*

DECIDED NOVEMBER 20, 1984 —
REHEARING DENIED DECEMBER 12, 1984.

*James L. Paul, Katharine C. Robey,* for appellants.
*Andrew M. Scherffius III, Douglas L. Cronkright,* for appellee.