### A08A2396. CLEVELAND MOTOR CARS, INC. v. BANK OF AMERICA, N.A.
(670 SE2d 892)

BLACKBURN, Presiding Judge.

In this breach of contract action based on an agreement to purchase automobile loans, defendant Cleveland Motor Cars, Inc. (CMC) appeals the grant of summary judgment to plaintiff Bank of America, N.A. Specifically, CMC contends that the trial court erred in ruling that the bank had no duty to mitigate its damages arising from CMC's breach of an express warranty. As the agreement expressly relieved the bank from the duty to mitigate damages arising from the breach, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the record shows that CMC and Bank of America entered into an agreement whereby the bank purchased automobile loans made by CMC to its buyers. As part of the agreement, CMC expressly warranted to the bank (i) that each car buyer (i.e., borrower) "is who he, she or it purports to be," and (ii) that each car buyer "has not fraudulently used the identity of another person to purchase the" car.

In February 2006, CMC sold a BMW to an individual who financed the $50,239 purchase by fraudulently using an incorrect social security number and credit profile to obtain a loan. By September 2006, no payments had been made on the loan, and it is undisputed that in a notice dated September 21, 2006, Bank of America learned that the vehicle had been abandoned, impounded, and subjected to a lien for the $305 redemption fee. In a letter to CMC dated October 4, 2006, the bank reported the fraud to CMC and

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

demanded that CMC repurchase the loan, stating that the vehicle would be released for sale on October 30, 2006.[2] The car was sold at auction by the impound company, and, after CMC located the car, the bank unsuccessfully attempted to repossess the car from the ultimate purchaser for value. Despite the bank's demands, CMC never repurchased the loan.

Bank of America sued CMC for breach of contract and sought damages for CMC's failure to repurchase the loan. After discovery, the bank moved for summary judgment, which the court granted, giving rise to this appeal.

Specifically, CMC argues that the bank was required to mitigate its damages by providing better notice to CMC of the impoundment or by paying the impound fee and regaining possession of the car. CMC relies on OCGA § 13-6-5, which provides that "[w]here by a breach of contract a party is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." Based on this, CMC argues that the bank had a duty to redeem the car or notify CMC of its opportunity to redeem the car from impound.

However, this argument runs counter to the plain language of the contract, in which CMC not only expressly warranted that the buyer's identity was not fraudulent, but also released the bank from any duty to mitigate damages. The contract provides (in relevant part) that, if the bank reasonably determined that there was a breach of an express warranty:

> *Bank has no duty to repossess the [car] or return the [car] to Dealer* [i.e., CMC] as a condition to requiring Dealer to repurchase a Contract.

* * *

> If Dealer is required to repurchase a Contract or [car] pursuant to this Retail Agreement, *Dealer waives any right it might have to (a) require Bank to make any claim to enforce any right against* the Buyer or *any other party*; or (b) to enforce its rights in the [car].

(Emphasis supplied.)

Therefore, according to the contract, the bank owed no duty to CMC to make any claim with the impound company to recover the car or to see that the car was returned to CMC. These are the very

---

[2] The bank also followed up with a similar demand letter dated January 30, 2007.

acts CMC would have required the bank to perform under OCGA § 13-6-5, but CMC waived any right to do so when it agreed to the provisions above. CMC expressly warranted that the buyer's identity was not fraudulent, CMC expressly promised to repurchase the loan if a buyer's identity was fraudulent, and CMC expressly waived any right to require the bank to redeem, repossess, or return the car in such a case. Under these circumstances, the bank owed no duty to provide the mitigation sought by CMC here.

This is because

[i]t is a general rule of contract law that unless prohibited by statute or public policy the *parties are free to contract on any terms and about any subject matter in which they have an interest, and any impairment of that right must be specifically expressed or necessarily implied by the legislature in a statutory prohibition and not left to speculation.* A contract can not be said to be contrary to public policy unless the General Assembly has declared it to be so, or unless the consideration of the contract is contrary to good morals and contrary to law, or unless the contract is entered into for the purpose of effecting an illegal or immoral agreement or doing something which is in violation of law.

(Citations and punctuation omitted; emphasis supplied.) *Brown v. Five Points Parking Center*.[3] "[T]he courts must exercise extreme caution in declaring a contract void as against public policy and should do so only in cases free from doubt." (Punctuation omitted.) *Emory Univ. v. Porubiansky*.[4]

It is clear that the contract here was not entered into for an illegal or immoral purpose. Nor do we find that OCGA § 13-6-5 contains any specific or implied impairment to the parties' right to agree to the terms in the contract here. " '[M]itigation of damages' is in fact not a principle to apply in every case," *J. C. Penney Cas. Ins. Co. v. Woodard*,[5] and Georgia courts have held that the general requirement to mitigate damages does not apply, for example, where there is a breach of an absolute promise to pay. See id.; *Reid v. Whisenant*.[6] "Absent a public policy interest, contracting parties are free to contract to waive numerous and substantial rights." (Punc-

---

[3] *Brown v. Five Points Parking Center*, 121 Ga. App. 819, 821 (1) (b) (175 SE2d 901) (1970).

[4] *Emory Univ. v. Porubiansky*, 248 Ga. 391, 393 (282 SE2d 903) (1981).

[5] *J. C. Penney Cas. Ins. Co. v. Woodard*, 190 Ga. App. 727, 729 (1) (380 SE2d 282) (1989).

[6] Id.; *Reid v. Whisenant*, 161 Ga. 503, 510 (2) (131 SE 904) (1926) ("[t]he rule requiring the plaintiff to protect himself from loss arising from breach of a contract is not applicable where there is an absolute promise to pay"). This Court has also held that a plaintiff's duty to

tuation omitted.) *Piedmont Arbors Condo. Assn. v. BPI Constr. Co.*[7] Accordingly, we find that the parties here were free to mutually agree that CMC would not require the bank to make a claim on the vehicle or present such a claim to CMC in the event of a breach of an express warranty by CMC.

We note that this is not a case where the bank overreached and abused its rights under the contract, thereby enhancing its own damages. The bank issued a demand letter to CMC within two weeks of its discovery of the impoundment, informing CMC of the identity fraud and stating that the car was subject to resale. Nevertheless, under the contract, there was no duty on the part of the bank to do more or to take steps to regain possession or title to the car.

Accordingly, in light of the plain language of the contract, and in light of CMC's admission that it has failed to repurchase the loan as required under the contract, we affirm the trial court's grant of summary judgment to the bank.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

## DECIDED DECEMBER 4, 2008.

*Moore, Ingram, Johnson & Steele, Amy Woo Weber*, for appellant.
*Miller & Martin, William A. DuPre IV, Christopher M. Walsh, Paul M. Alexander*, for appellee.

---

mitigate damages did not arise where the defendant breached an express warranty. *Haley v. Oaks Apts., Ltd.*, 173 Ga. App. 44, 46 (2) (325 SE2d 602) (1984) (physical precedent only). Although the present case arose from a breach of an express warranty, we note but need not directly rely on this nonbinding physical precedent because the language in the contract itself controls here.

[7] *Piedmont Arbors Condo. Assn. v. BPI Constr. Co.*, 197 Ga. App. 141, 142 (397 SE2d 611) (1990).