A10A1686. REL DEVELOPMENT, INC. et al. v. BRANCH BANKING & TRUST COMPANY.
A10A1691. I-20 EAST, INC. et al. v. BRANCH BANKING & TRUST COMPANY.
(699 SE2d 779)

BLACKBURN, Senior Appellate Judge.

In these two actions to collect on unpaid promissory notes, the debtors and guarantors appeal the summary judgments awarded to

Branch Banking & Trust Company (the "Bank"), arguing evidence showed (i) the Bank failed to mitigate damages, and (ii) the Bank failed to re-accelerate the notes after foreclosure proceedings were cancelled. We agree with the trial court that neither argument has merit, and we therefore affirm in both cases.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that two entities (REL Development, Inc. and I-20 East, Inc.) managed by Robert Lanier borrowed money from the Bank in three transactions. REL Development borrowed over $3.5 million in December 2004 and an additional $562,500 in March 2005, with each debt secured by separate tracts of real property and guaranteed by another Lanier entity (REL Properties, Inc.) and by Lanier personally. I-20 East, Inc. borrowed $120,000 in June 2005, which debt was also secured by a tract of land but was only guaranteed by Lanier personally. When the three debts went into default due to nonpayment, the Bank in June 2008 gave written notice of acceleration to the respective debtors and guarantors and also began foreclosure proceedings scheduled for August 2008.

At Lanier's request, the Bank cancelled the foreclosure proceedings to allow the debtors to sell the properties, but no sales occurred. Instead of reinitiating foreclosure proceedings, the Bank simply sued the debtors and guarantors for the debts, filing on September 17, 2008 an action against REL Development, REL Properties, and Lanier to recover on the $3.5 million and $562,500 debts, and filing on that same date a separate action against I-20 East and Lanier to recover on the $120,000 debt. The trial court granted the Bank summary judgment in both actions. The debtors and guarantors appeal: Case No. A10A1686 is the appeal of REL Development, REL Properties, and Lanier from the summary judgment awarded on the $3.5 million and $562,500 debts, and Case No. A10A1691 is the appeal of I-20 East and Lanier from the summary judgment on the $120,000 debt. Because the appellants in both cases have raised the identical arguments challenging the summary judgments awarded to the Bank, and because the key provisions of the relevant documents are the same, we have consolidated the cases for review.

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459, 459 (1) (486 SE2d 684) (1997).

1. Citing OCGA § 13-6-5, the appellants first urge that the Bank failed to mitigate its damages. Specifically, noting that the real estate market dropped dramatically soon after August 2008, the appellants argue that the Bank should have completed the foreclosure proceedings scheduled for that month so as to have maximized the money to be received from a sale of the properties.[2]

The fatal flaw in this argument is that the Bank had no obligation to pursue foreclosure proceedings but was fully authorized by both the law and the debt instruments to pursue only lawsuits against the debtors and guarantors to recover the debts. As stated by the Supreme Court of Georgia in *Oliver v. Slack*,[3] "[a] creditor who holds a promissory note secured by a deed is not put to an election of remedies as to whether he shall sue upon the note or exercise a power of sale contained in the deed, but he may do either, or pursue both remedies concurrently until the debt is satisfied." (Punctuation omitted.) See *Taylor v. Thompson*.[4] In other words, "[t]he holder of a note who is also the grantee in a deed to secure the indebtedness of the note is not forced to exercise the power of sale in the deed. He may sue on the note or exercise the power of sale." *Trust Investment &c. Co. v. First Ga. Bank*.[5] See *Vandegriff v. Hamilton*;[6] *Jamison v. Button Gwinnett Sav. Bank*[7] (the law in this regard is "well-settled").

The debt instruments here expressly confirm that the Bank could pursue either or both remedies, concurrently or consecutively. The respective notes each provided:

> No delay or failure on the part of the Holder in the exercise of any right or remedy hereunder or under any of the other Loan Documents shall operate as a waiver thereof, and no single or partial exercise by the Holder of any such right or remedy shall preclude or estop another or further exercise thereof or the exercise of any other right or remedy. The Holder shall be under no duty to exercise any or all of the rights and remedies given by the Note or under any of the other Loan Documents.

Similarly, the respective security deeds each provided that upon default, the Bank could foreclose or "[e]xercise any and all rights accruing to a secured party under this Deed, the Code and any

---

[2] Of course, appellants can hardly ignore the irony of this argument in that it was *they* who requested that the foreclosure proceedings be cancelled.

[3] *Oliver v. Slack*, 192 Ga. 7, 8 (2) (14 SE2d 593) (1941).

[4] *Taylor v. Thompson*, 158 Ga. App. 671, 672 (282 SE2d 157) (1981).

[5] *Trust Investment &c. Co. v. First Ga. Bank*, 238 Ga. 309, 310 (1) (232 SE2d 828) (1977).

[6] *Vandegriff v. Hamilton*, 238 Ga. App. 603, 604 (519 SE2d 702) (1999).

[7] *Jamison v. Button Gwinnett Sav. Bank*, 204 Ga. App. 341, 342 (1) (419 SE2d 91) (1992).

applicable law." These deeds further provided:

> The rights of Grantee, granted and arising under the clauses and covenants contained in this Deed and the other Loan Documents, shall be separate, distinct and cumulative of other powers and rights herein granted and all other rights which Grantee may have at law or in equity, and none of them shall be in exclusion of the others; and all of them are cumulative to the remedies for collection of indebtedness, enforcement of rights under security deeds, and preservation of security as provided at law. No act of Grantee shall be construed as an election to proceed under any one provision herein or under the Note or any of the other Loan Documents to the exclusion of any other provision, or an election of remedies to the bar of any other remedy allowed at law or in equity, anything herein or otherwise to the contrary notwithstanding.

The guaranty documents were even more explicit.

Such provisions reflect that the debtors and guarantors specifically agreed that the Bank was not required to pursue foreclosure before pursuing a suit to collect on the debts. Interpreting similar provisions, *Sadler v. Trust Co. Bank of South Ga.*[8] held that "the bank was under no duty to appellant to proceed against the collateral to collect payment on the note. It thus can be fairly inferred that the bank had *no obligation to mitigate its damages* in relation to the collateral." (Emphasis supplied.) See *Ewald v. Security Pacific Credit Corp.*[9] (no duty to mitigate existed where secured creditor had option to foreclose or to sue on debt). See also *Cleveland Motor Cars v. Bank of America.*[10] Appellants' argument that such creditor options, whether allowed by law or by agreement, are somehow unfair or unconscionable is better directed to the legislature; the Supreme Court of Georgia declared such options constitutional in *Brown v. Rooks.*[11]

This first argument of appellants fails and is not a ground for

---

[8] *Sadler v. Trust Co. Bank of South Ga.*, 178 Ga. App. 871, 873 (2) (344 SE2d 694) (1986). Notably, the federal case cited by appellants (*Gen. Elec. Capital Corp. v. Nucor Drilling*, 551 FSupp.2d 1375 (M.D. Ga. 2008)) is not only nonbinding on us but makes no mention of such provisions in the debt instruments at issue in that case.

[9] *Ewald v. Security Pacific Credit Corp.*, 190 Ga. App. 615, 617 (2) (379 SE2d 569) (1989).

[10] *Cleveland Motor Cars v. Bank of America*, 295 Ga. App. 100, 101-102 (670 SE2d 892) (2008).

[11] *Brown v. Rooks*, 240 Ga. 674, 674-675 (242 SE2d 128) (1978).

finding summary judgment improper. See *Stewart v. Diehl*.[12]

2. Appellants' second argument claims that summary judgment was improper because the Bank failed to re-accelerate its notes after cancelling the proposed foreclosure. Specifically, appellants point to OCGA § 44-14-85 (a), which provides that if foreclosure proceedings are withdrawn prior to their completion by sale or otherwise, "[s]uch withdrawal shall operate to rescind the acceleration of the maturity of the indebtedness and to reinstate the indebtedness upon the terms and conditions existing prior to the acceleration." The statute then emphasizes:

> Such withdrawal shall not prejudice the right of the holder of the indebtedness and deed securing same to exercise any and all rights to accelerate the maturity of the indebtedness and to exercise any right or power contained in the deed or the evidence of the indebtedness secured thereby or conferred by law should a subsequent default occur.

Id.

A subsequent default did occur, and the Bank again exercised its right to accelerate the debts. Appellants' contention that they did not receive proper notice of this re-acceleration of the debts fails for at least two reasons.

First, no notice of any acceleration was required. Each note specifically provided:

> The Holder shall have the right to declare the total amount of the unpaid principal balance plus accrued interest thereon to be due and immediately payable in advance of the maturity date of any installments as fixed herein, upon the failure of the Maker to pay, when due, any of the installments hereon, or upon the occurrence of any event of default in the Security Deed, or under the Loan Agreement. Upon the exercise of this option by the Holder, the entire unpaid principal balance and all accrued and unpaid interest shall immediately *and without notice* become due and payable.

(Emphasis supplied.) Thus, as held in *Fulton Nat. Bank v. Horn*,[13] "where the parties agree that in the event of default the creditor 'may declare' acceleration 'without notice' to the debtor, . . . notice of the declaration of acceleration need not be communicated to the

---

[12] *Stewart v. Diehl*, 219 Ga. App. 821, 822-823 (466 SE2d 913) (1996).
[13] *Fulton Nat. Bank v. Horn*, 239 Ga. 648, 650 (238 SE2d 358) (1977).

debtor." See *Oak Mountain Dev. Corp. v. Harrell*.[14] The Bank owed no duty to the appellants to notify them of the original acceleration or of the re-acceleration.

Second, even if such a duty were owed, the Bank gave the appellants notice of re-acceleration in the text of the complaints and amended complaints served upon appellants in their respective cases. Just as a party may give notice of an intent to seek contractually-agreed-for attorney fees in the text of the complaint, see *New House Products v. Commercial Plastics &c. Corp.*,[15] so a party may give notice of acceleration or re-acceleration in the text of the complaint (unless the parties' agreements provide otherwise). Cf. *Menke v. First Nat. Bank of Atlanta*.[16]

We discern no error in the grant of summary judgment to the Bank.

*Judgment affirmed in both cases. Barnes, P. J., and Ellington, J., concur.*

DECIDED JULY 29, 2010.

*McKenna, Long & Aldridge, Gary W. Marsh, David E. Gordon*, for appellants.

*Quirk & Quirk, Joseph P. Quirk, Debra E. Baker, Smith, Welch & Brittain, A. J. Welch, Jr.*, for appellee.

---

[14] *Oak Mountain Dev. Corp. v. Harrell*, 162 Ga. App. 186, 186-187 (1) (290 SE2d 177) (1982).

[15] *New House Products v. Commercial Plastics &c. Corp.*, 141 Ga. App. 199, 200-201 (3) (233 SE2d 45) (1977).

[16] *Menke v. First Nat. Bank of Atlanta*, 168 Ga. App. 495, 499 (1) (309 SE2d 835) (1983).