[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10263
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-01432-AT

WILLIAM BROUGHTON,

Plaintiff- Appellant,

versus

US BANK, N.A.,
as Trustee for Mastr Alternative Loan Trust 2004-13,
Mortgage Pass-Through Certificates, Series 2004-13, et al.,

Defendants,

SUNTRUST MORTGAGE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 11, 2014)

Before HULL, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

William Broughton appeals the denial of his motion to file a second amended complaint against his residential mortgage lender, SunTrust Mortgage, Inc. The district court dismissed Broughton's first amended complaint for failure to state a claim and then denied his motion for leave to file a second amended complaint. *See* Fed. R. Civ. P. 12(b)(6). We affirm.

In his first amended complaint, Broughton alleged that SunTrust made false representations about having authority to foreclose on his residential property when it did not hold the promissory note and that its notices failed to identify the secured creditor, but Broughton conceded, in the district court, that his complaint was "rendered futile" by the decision of the Supreme Court of Georgia in *You v. JP Morgan Chase Bank*, 743 S.E.2d 428 (Ga. 2013). In *You*, the Georgia court held that a "holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed," *id.* at 433, and that a secured creditor does not have to be identified in the notices to the debtor, *id.* at 434.

The district court did not abuse its discretion when it denied as futile Broughton's motion for leave to file a second amended complaint. In his second amended complaint, Broughton alleged that SunTrust breached its obligation to give notice before accelerating payment of the loan, but SunTrust responded that it

2

provided notice and attached to its response a digital copy of a letter stating that Broughton's loan was being accelerated.  Later, SunTrust submitted an affidavit that authenticated the letter.

Broughton argues, for the first time on appeal, that the district court should not have relied on the affidavit submitted by SunTrust, but Broughton cites authorities about motions to dismiss, not motions to amend.  The district court was entitled to consider the affidavit to determine whether the amended complaint would "be properly dismissed or be immediately subject to summary judgment for the defendant."  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Broughton also argues that his receipt of a notice of acceleration was not fatal to his complaint because SunTrust withdrew its foreclosure proceedings and was required to provide another notice before it could re-accelerate payment of the loan, *see* Ga. Code Ann. § 44-14-85(a), but we disagree.  Even if we were to assume that SunTrust withdrew its foreclosure, "[s]uch withdrawal [did] not prejudice [its] right . . . to exercise [its] right or power contained in the deed," *id.*, that it could "require immediate payment in full of all sums secured by [the] Security Instrument without further demand and [to] invoke the power of sale . . . ."  *See REL Dev., Inc. v. Branch Banking & Trust Co.*, 699 S.E.2d 779, 782 (Ga. Ct. App. 2010).

We **AFFIRM** the dismissal of Broughton's first amended complaint.

3